## Spencer *v.* Usher.

### In the Court below,

HARRIS USHER, *Plaintiff* ; JARED SPENCER, *Defendant.*

A report of auditors, that the defendant *has fully accounted*, is ill, and will be set aside.

The proceedings of auditors may be inquired into, to shew, that they mistook the law, as applicable to the facts before them.

THIS was an action of account, declaring, that the plaintiff had delivered to the defendant, for collection, a promissory note, payable to *Justin Worthington*, and assigned to the plaintiff ; and that the defendant had collected the money, but had rendered no account.

On the issue of *never bailiff and receiver*, the jury found for the plaintiff ; and the Court rendered judgment, *quod computet*.

The auditors reported in favour of the defendant in these words : " We have examined and adjusted the accounts be-" tween the plaintiff and defendant, concerning the premis-" es, and take leave to report, that we are of opinion, that " the defendant has fully accounted, and do award the same."

Against the acceptance of this report the plaintiff remonstrated, 1. Because the auditors did not find, that the defendant was *not in arrear*, but that he *had fully accounted* with the plaintiff : 2. Because, upon the evidence exhibited before the auditors, [which was detailed in the remonstrance,] they ought to have reported in favour of the plaintiff.

The defendant demurred to the remonstrance ; and the Court adjudged it sufficient, set aside the report, and re-appointed auditors. These auditors reported in favour of the plaintiff ; their report was accepted ; and judgment was rendered thereon.

The error assigned was, that the Court adjudged the remonstrance sufficient.

*Ingersoll*, and *Daggett*, for the plaintiff in error.

The only question in the case is, whether the first report of auditors ought to have been accepted ? If so, then the rejection thereof, and subsequent proceedings, are erroneous.

The objections to that report, as urged by the counsel for the defendant in error, are two, *viz.*

1. That the auditors found, that the defendant below had *fully accounted* ; whereas they should have found, that he was *nothing in arrear*.

To be sure, this award is not entirely formal, nor is it necessary that it should be. Auditors are appointed to examine the accounts of the parties, and report what sum, if any, is due.—This report becomes parcel of the proceedings of the Court, and enables them to render a proper judgment. It is within the province of the Court to make up a correct judgment, though the award may be informal.—A verdict of the jury would not be set aside on the ground of any such irregularity. Trying this award by those liberal rules, which

1805.

SPENCER
*v.*
USHER.

prevail in analogous cases, there can be no good reason for setting it aside.

2. The next objection is, that the auditors decided erroneously, upon the testimony which was before them.—An award of auditors cannot be rejected on the ground of their having mistaken the law, or the facts, unless such mistake is apparent upon their award. Misbehaviour, corruption, mistake apparent on the proceedings, or excess of authority, are the only grounds on which awards of arbitrators are rejected. This is the rule as applicable to awards made by arbitrators of the parties, choosing, and those made under a rule of Court. For this purpose, see *Anderson* v. *Coxeter*, (*e*) *Lucas* v. *Wilson*, (*f*) *Medcalfe* v. *Ives*, (*g*) and *an anonymous case in Salkeld*. (*h*) It is an established rule of our Superior Court, and was recognized by this Honourable Court, in June, 1803, in the case of *Bulkley* v. *Stewart*. (*i*) The only authority, which appears to impugn this doctrine, is the case of *Montefiori* against *Montefiori*, in 1 *Wm. Blackstone's Rep.* 363.—This award was rejected on the ground of a mistake in the arbitrators in point of law. We are not informed how the Court got at the mistake. To suppose that they inquired into it by witnesses, is supposing them to overthrow numerous decisions both in law and chancery.—We are, then, to believe, that it appeared on the award ; especially as this case is never cited to establish the doctrine here denied. In the case of *Parker* v. *Avery*, (*k*) the Superior Court recognize these principles in the case of an award of *arbitrators ;* but in the next case, between the same parties, they thus declare the law as applicable to an award of *auditors.* " It is peculiarly the province of auditors, as of jurors, to " weigh evidence, and determine facts ; and herein there is

(*e*) 1 *Stra.* 301.

(*f*) 2 *Burr.* 701.

(*g*) 1 *Atk.* 77, [64.]

(*h*) 1 *Salk.* 71. S. C. 3 *Vin. Abr.* 132. *tit. Arbitrement.* (*H. a.*) *pl.* 3.

(*i*) *Ante, vol. I. p.* 130.

(*k*) *Kirby* 353, *decided in* 1787.

" to be no inquiry after them ; though, as they are to take
" the law for their rule, their award may be set aside, if it
" appears from the face of their proceedings, or upon in-
" quiry of them in Court, that they have made out their
" award upon such *inferences from facts*, as the law will not
" warrant, or have clearly mistook with regard to the admis-
" sion of evidence." As this decision seems to warrant
the objection to this award, it may be useful to examine it.
There is to be no inquiry as to facts, because of these, the
auditors are the *sole* judges ; yet their inferences from facts
are to be revised.—The facts, *then*, must be *ascertained*, or it
will be *difficult* to find the inference.—The inquiry is to be
made of the auditors *only* :—So speaks the case.—Now,
there is no rule of law, which limits such inquiries, as may
be made, to the *auditors only* ; nor is it easy to see, why
other sources of testimony are prohibited.

Again, why inquire of them as to the *law*, and not as to
the *fact* ? No inquiry is made of jurors as to one or the other ;
they are judges of both, under the direction of the Court ;
nor has a verdict ever been set aside, in this State, on the
ground that the jurors have mistaken the law or fact, though
repeatedly attempted.—A new rule, then, is adopted in this
case, not applicable to either awards of arbitrators, or ver-
dicts of jurors.

It is submitted to this Court, whether this rule will not be
very inconvenient in practice. All the testimony is to be
revised by the Court, to see if the auditors have not made
wrong inferences from the facts ; and also to know whether
any evidence, which is improper, has been received ; and
thus the case is to be tried again. Much more reasonable
would it be, to say, that the award of auditors, like that of
arbitrators, should be conclusive, except in the case of an
apparent mistake, an excess of authority, or corruption or
misbehaviour in the triers.

1805.

SPENCER
v.
USHER.

*R. Griswold,* for the defendant in error.

1. The award was substantially defective, because the auditors decided, that the defendant had "*fully accounted.*"— This opposed the judgment of the Court, which determined, that the defendant *should account.* Such a judgment excludes the idea of his having fully accounted. Nothing which has been pleaded to the action can be admitted as a defence before auditors. (*l*) The auditors are to *adjust the accounts* of the parties; and the ultimate question is, *who is in arrear ?* (*m*)

2. The principles on which auditors proceed may be inquired into; and, for this purpose, their proceedings may be averred on remonstrance. There is no other mode of bringing them before the court. The proof must come from the auditors themselves. (*n*)

Auditors are not, like arbitrators, of the parties' own choosing. They are a court of law; and bound by the principles of law. It would be dangerous to put them above the law. It is said, in the English books, that there may be no inquiry after arbitrators, except as to what appears *on the face* of their award. The answer is, that those decisions are founded on the *stat.* 9 *and* 10 *W.* 3. *c.* 15. which contains a clause expressly providing, that nothing but corruption shall be a ground for setting aside an award. We have no such statute provision.

THE COURT unanimously affirmed the judgment. ELLSWORTH, *Asst.* expressed a clear opinion, that the principles, on which auditors proceed, may be inquired into, to the extent of the rule in *Parker* v. *Avery,* which settled the point with precision, and ought to be regarded as a governing

(*l*) 3 *Wils.* 113, *Godfrey* v. *Saunders.* 1 *Bac. Abr.* 38,9. *tit. Accompt.* (*F.*)

(*m*) *Stat.* 36 *edit.* 1796.

(*n*) *Kirby* 353,4, *Parker* v. *Avery, second case.*

ease. He observed, that trials before *auditors* were particularly distinguished in this respect, that there is no court to regulate the admission of evidence, or to instruct the auditors in a point of law ; and that, of consequence, their award could not be assimilated to the verdict of a jury.