Trumbull, J. Abrams sued Lee in account alleging in his declaration that they had been mercantile partners; chat the partnership was dissolved; that he, Abrams/for $900 which had been paid him, sold to Lee all his interest in the store goods, and accounts for goods sold, and that by agreement of parties, there was reserved from the sale a large amount of produce, money, bills receivable, and cash notes, for which Lee was to render an account. Lee having appeared to the action, there was judgment by nil dicet that he account, and auditors were appointed to take and state the account between the parties. Both parties appeared before the auditors, and Lee filed a plea, alleging that the $900, admitted by the plaintiff in his declaration to have been received, was in fall of all his interest in the partnership. The plaintiff objected to the filing of this plea and no issue was taken upon it, but the parties produced their respective accounts and were examined on oath. Other witnesses were also examined, and the auditors made an elaborate report setting forth the dealings of the parties from the commencement of the partnership to its dissolution, and showing that the fair value of each partner’s interest in the concern at the time of dissolution was about $900. They conclude their report by awarding that the defendant had “fully accounted to his said co-partner as alleged in his plea.” Upon the coming in of the report, the plaintiff moved to set the same aside; that the plea filed before the auditors be stricken from the files, and for final judgment against the defendant for one-half of five thousand dollars, the amount claimed in the declaration. The Court set the report aside, struck the plea from the files, refused to enter final judgment as asked, and recommitted the cause to the auditors with directions to audit and state an account according to the demands of the declaration. Upon a second examination of the parties and their witnesses, the auditors stated the account between the parties showing that the plaintiff’s interest in the partnership property, exclusive of the goods in the store and unpaid accounts upon the store books for goods sold, amounted to $425, and that he had received a like amount from the defendant on account thereof, being part of the $900 agreed to be paid at the time of dissolution. They accordingly reported that the defendant was not indebted to the plain- ■ tiff. On this report, the Courtnpon plaintiff’s motion,.gave judgment in his favor for $425. By agreement both parties have assigned errors in this Court, We will first dispose of the error assigned by the appellee, - which is, that the Court erred in refusing to enter judgment ■ upon the first report Of the auditors, for the half of five thousand dollars demanded by the;plaintiff in his declaration, and in re-committing the case to the auditors. There is no foundation for this assignment of error, and to have entered the judgment demanded would have been most manifestly unjust. The plaintiff in his account before the auditors only claimed a balance in his favor of $1,492 25, and to have given him a judgment'under such circumstances for $2,500 would have been palpably erroneous, as well as unjust. The statute, in case the defendant refuses'to account before the auditors, authorizes them to receive a statement of the account from the plaintiff, and award to him the whole sum he claim's to be due. B. S., ch. 2, § 8. In no event would the Court be authorized to enter judgment for the amount claimed in the declaration, ’or for any amount upon the declaration; nor is the plaintiff limited in his recovery to the amount stated in his declaration. . 1 Bac. Ab., title accbmpt Gr.; Gratz v. Philips, 5 Binney, 564. The judgment upon the declaration is interlocutory, that the defendant account, and the final judgment is upon the report of the auditors. Assuming for the present, that the Circuit Court committed no error in setting aside the first report of the auditors, it certainly had the power after the report was set aside to re-commit the case to them. The case of Spencer v. Usher, 2 Day, 116, is a direct authority to this point. The appellant complains that the Court erred in setting aside the first report of the auditors, in striking his plea from the files, and in rendering the judgment for the plaintiff upon -the last report. In disposing of these assignments of error, it becomés necessary -to enquire somewhat into the nature of this action. The ele'mentary books'which treat of-the- action of account, • ahd almost every reported case of account, inform -us'that fit is a,n action "seldom brought. In England it sé'ems to 'have fallón, 'almost ' entirely into disuse,'and although e'xpiessly authorized by -Our ' Statute,'a case is ’seldom to be metwith'in" our courts; nor is-it surprising that the action should have become nearly obsolete, when the obstacles and delays incident to its prosecution are considered. As to the pleadings in the action, and what should be pleaded in bar before the Court, and what may be pleaded before the auditors, there is much confusion in the books. The authorities all agree, that such defences as deny the character in which the defendant is sued, or his liability at any time to account, must be pleaded before the Court and cannot be insisted upon before the auditors. It is also laid down as a rule by some authorities, that all defences which admit that the defendant was once liable to account, but go in his discharge, must be insisted upon before the auditors and cannot be pleaded in bar of the action. 1 Comyn’s Dig., tit. accompt E.; 1 Bac. Ab., tit accompt E. and F. The difficulty arises in the application of these rules. It is said in Bacon, that “ Plene compu■tavit, and a release, are the only pleas which admit the plaintiff to be accountable, that can be pleaded in bar to the action; and these are allowed because they are total extinctions of the right of action.” This is the rule laid down in the case of Godfrey v. Saunders, 2 Wilson, 114. In another paragraph in Bacon under the same title, it is said that an award may be pleaded in bar. In the case of Bishop v. Baldwin, 14 Verm., 145, it was held, that if the party was once liable to account, all defences must be pleaded before the auditors, except plene compuiwvit, release, arbitrament and award, former recovery, accord and satisfaction, and the statute of limitations. In this confusion of authorities we feel at liberty to adopt that rule which appears to us most conducive to the ends of justice, and in so doing, we prefer following the most liberal rule as to the allowance of pleas in bar before the Court, and for this reason: To require a party to plead a matter in discharge before the auditors, is at last but to bring the plea before the Court; for if an issue either of law or fact is taken upon it, the auditors cannot dispose of the question, but must refer it to the Court and await its determination before proceeding to state the account. Bac. Ab., tit. accompt F.; Crousillot v. McCall, 5 Binney, 432. This is allowing the defendant to work in a circle and to protract the case to an indefinite period, and is probably one reason why the action has so generally and justly fallen into disuse. The better rule, undoubtedly," is to require the defendant to file before the Court in the first instance every defence, which shows that he id not then liable to account to the plaintiff, whether it be that he never was so liable, or that some act has been done-which has discharged him from that liability, admitting that it once existed. The plea filed by the defendant in this case before the auditors was of this character. An issue upon it, if found in Ms favor, would have been decisive of the case, and no judgment to account could have been rendered against Mm. The plea was therefore properly stricken from the files, when attempted to be made before the auditors, after the judgment of quod computet had been entered. The Circuit Court undoubtedly had the right in the- exereiseof a sound discretion,' to approve or disapprove the first report of the auditors. The statute declares, that “if such report shall be approved by the Court, the Court shall render judgment for the amount ascertained to be due.” Why .say, if the report shall he approved by the Court, if the Court has no power over it, but is bound to enter up judgment at all events as the auditors shall report? The Court may not have the power to remodel or change the report so as to alter the result, any more than it would have to alter the verdict of a jury, but it is certainly within its province to approve or disapprove it. Such is more-ever the well settled practice. Spencer v. Usher, 2 Day, 116; Smith v. Brush, 11 Conn., 359. The only remaining question, is as to the correctness of the judgment as entered. To determine this, it becomes necessary to inquire as to the effect of the judgment, quod computet, and how far a defendant who has suffered such a judgment to go against him, is precluded from availing himself of a defence which he might have had the advantage of, by filing a proper plea in bar before the Court. The judgment to account, as before remarked, is merely interlocutory. It establishes nothing, except the defendant’s liability to account. This he cannot afterwards deny before the auditors, nor can he discharge himself from rendering an account, by proof that he has before fully accounted, or of any other fact which shows that he is not then indebted to the plaintiff! ' He may show by his account that the plaintiff has been fully paid, or that he owes him nothing, but he is bound to show it in that way, and cannot allege a fact and thereby escape from rendering an account. By filing the plea of plene computavit before the Court, the defendant would, if the issue was found in his favor, be entitled to a judgment against the plaintiff for costs, and the plaintiff would be driven to seek redress in another form of action, although the proof should show, that a large sum had been admitted to be due him upon such accounting. The difference between the proof necessary to sustain the plea of plene computavit on the part of the defendant, and that which is requisite to sustain the issue of nothing in arrear, is this: In the former case, the defendant must show an actual settlement or accounting between the parties, and a balance struck, it matters not in favor of which party, while in the latter case, he must show by an exhibition of the accounts, that nothing is due the plaintiff. Pickett v. Pearsons, 17 Verm. 470. By omitting to file the plea of plene computavit, the defendant loses the benefit of a settlement which may have been made, and is compelled to account anew before the auditors. They are not bound by the accounting which the parties may have had, though if the parties had agreed upon particular items of the account, or if rests had been made in a running account at particular periods and balances struck, but no final accounting of all the dealings of the parties had taken place, the auditors would no doubt be concluded by the balances as struck by the parties; and it would be their duty, if such balances remained unpaid, to carry them into the future account. Smith v. Brush, before cited; also 16 Yerm. 169. So in this case, although it was not competent for Lee to prove before the auditors, that he had a final settlement with Abrams, and thereby discharge himself from his liability to account, yet he was at liberty to prove as he did, that he had paid Abrams $900 since the dissolution; and when the auditors found upon a statement of the accounts of the parties, that part of this $900 was paid on account of the plaintiff’s interest in the matters about which the defendant was adjudged to account, it was their duty to deduct such part from the sum due the plaintiff. They made such deduction, and showed by a statement of the accounts and their report, that nothing was due the plaintiff. The Court, however, disregarding the credits allowed the defendant, gave judgment against him for $425. In this we think there was error. The judgment, quod computet, did not determine that the $900 mentioned in the declaration was paid on account of the goods in the store, and the accounts on the store books for goods sold. The defendant admitted nothing upon that subject by suffering such a judgment to go against him. The rights of the parties were precisely the same, as if the declaration had been silent upon the subject of the sale of the store goods and accounts to the defendant. That part of the declaration was surplusage, and really had nothing to do with the case. It was surely competent for the defendant, when called upon, to account for certain money, produce, bills and notes in which the plaintiff had an interest, to show that the plaintiff had received all that he was entitled to; and it would be strange indeed, if the defendant was to be precluded from showing that fact, because the plaintiff had thought proper to.insert in his declaration a matter that had no business there. The authorities all agree, that the plea of payment may be interposed before the auditors, and that it cannot be pleaded in bar before the Court, unless the payment has been received in satisfaction, when it would amount to a settlement of the account. In this case it was not allowable for the defendant to plead before the auditors, that the $900 paid the plaintiff, was received by him in full discharge and satisfaction of his interest in the money, produce and bills, and thereby avoid accounting in reference to those matters; but he was obliged to account, and when he did so, was entitled to claim credit for all money that he could show that he had paid the plaintiff, whether it was paid upon a final settlement between the parties, or without any settlement. By omitting to plead the receipt of money by the plaintiff, in satisfaction of his interest in the subject matter of the account, the defendant lost the benefit of the purchase or settlement, if any had been made, but he did not lose the benefit of the money he had paid. The plaintiff cannot be permitted to say to the defendant in one breath, you must account to me for my interest in certain property, and in the next, refuse the defendant credit for any money he may have paid, because it was received by the plaintiff in discharge and satisfaction of his interest in such property. The case will be better understood, by laying entirely out of view what is said in the declaration, about a sale of the store goods and accounts to the defendant for $900, for it is this allegation in the declaration, which is mere surplusage, that seems to have embarrassed the case. The case then is this: The defendant is called upon to account for certain produce, &c. He omits to plead a matter before the Court which, if true, would have discharged him from rendering such account, and thereupon judgment, quod computet, passes against him. In rendering his account before the auditors, he claims a credit for $900, which he shows that he has paid the plaintiff. This he certainly has the right to do, and this is the whole case on the part of the defendant. The plaintiff, however, says you paid me this $900 for something else, and the question is then for the first time raised by the plaintiff, as to what account the $900 was received upon. The auditors inquire into this fact, and find that part of it, was paid on account of the plaintiff’s interest in the property about which the account is sought, and upon giving the defendant credit for that part, they find that the defendant is not in arrear. When the case is viewed in this light, which is really the whole of this branch of it, no one can doubt, that the auditors properly gave the defendant credit for so much of the $900, as properly applied tó the matters for which he was adjudged to account. In this case no formal plea was filed nor was it necessary. The defendant, in the statement of the accounts, was entitled to credit for all payments he had made on account of the matters about which he was sued, without filing a plea for that purpose. Had such a plea been filed and issue taken upon it, the issue, according to the authorities, must have been referred to the Court for trial. The better practice would seem to be for the parties, in stating their accounts before the auditors, not to make up formal pleadings, otherwise the proceedings in this action may become interminable. The judgment of the Circuit Court is reversed, and in accordance with the stipulation of the parties, a judgment will be entered in this Court against the appellee for the costs of this and the Circuit Court. Judgment reversed.