20 747
102 221

## DESHA & SHEPPARD *vs.* SMITH.

1. The law will not, in the absence of an express stipulation between the parties, compel one partner to pay interest to his co-partners on the amount by which their capital exceeds his.

2. But partners may enter into such stipulations respecting the division of the profits, or the advantages which each is to derive therefrom, as they may see fit, unless their pretended contract is a mere device or cover for usury; and such contract, being legal, would form the rule by which the rights of each, in the settlement of their joint affairs, would be ascertained and adjusted.

3. The books of a firm, to which all the partners have had free access, are evidence for and against each partner, in settling the partnership accounts; and the entries therein must be considered at least *prima facie* correct.

4. When the partnership accounts have been made out and settled after full deliberation, it requires clear and convincing proof of error, and further that this error was unknown at the time of the settlement to the party complaining, to induce a court of equity to open the account.

5. If the evidence leaves the mind in doubt whether there is error or not, the

court must decide against the existence of error, the burthen of proof resting upon him who complains of errors in a stated account.

ERROR to the Chancery Court of Mobile.

Tried before the Hon. J. W. Lesesne.

This bill was filed by Murray F. Smith against his late partners Robert Desha and John F. Sheppard, for the purpose of correcting certain alleged errors in the settlement of the partnership accounts. The bill alleges that on the 1st October, 1841, complainant was admitted a partner in the firm of Desha, Sheppard & Co.; that he did not converse with Sheppard in relation to the partnership, but Desha informed him that the firm had been formed, and "that he was a partner on equal terms with the others;" that there were no articles of association, and no discussions between parties as to the terms; that the firm was dissolved in April, 1845, by the withdrawal of Sheppard, and the accounts were made up for settlement under the direction of Sheppard, who had the principal charge of the books of the firm; that the business was continued by Desha and Smith, under the firm name of Desha, Smith & Co. until April, 1847, when the firm was dissolved by the act of Desha; that no change took place, at the formation of the new firm, in the relation of the partners, but Desha successfully asserted his right to Sheppard's interest in the firm, and the partnership of Desha, Smith & Co., was settled on that basis.

The alleged error consists in the principle on which interest was calculated among the partners, Smith being charged with interest in favor of both Desha and Sheppard, on the amount by which their capital exceeded his. The complainant alleges that his attention was first drawn to this error in 1847, on the settlement of the accounts of Desha, Smith & Co., at which time the subject was discussed between him and Desha, and the error was admitted and corrected in their settlement. The book-keeper of Desha, Sheppard & Co. continued to act in the same capacity for Desha, Smith & Co., and had carried the same error into their books. After the settlement of the affairs of Desha, Smith & Co., complainant examined the books of Desha, Sheppard & Co., and did not ascertain the true condition of the accounts until the latter part of

the year 1848, and he then notified Desha and Sheppard of the existence of the errors.

The answers of Desha and Sheppard admit that the partnership of Desha, Sheppard & Co., was formed without any conversation having taken place between Sheppard and Smith, and that Smith was to receive one third of the profits; but they insist that it was agreed between them, that Smith should pay interest to each one of them on the amount by which their capital exceeded his, and interest was charged against him accordingly. They also rely, by way of plea in bar, upon the stated accounts and settlements of the partnership affairs.

It is unnecessary to give a detailed statement of the evidence. The Chancellor deemed it sufficient to support the bill, and rendered a decree in favor of the complainant; and his decree is now assigned for error.

HOPKINS and STEWART, for plaintiffs in error.

CAMPBELL and PHILLIPS, contra.

DARGAN, C. J.—Robert Desha and John F. Sheppard previous to the first of October, 1841, were partners in trade, and carried on a factorage and commission business in the city of Mobile. On that day they admitted Murray F. Smith as a member of the firm, and the business was conducted under the name and style of Desha, Sheppard & Co. In the latter part of April, 1845, the firm was dissolved by the withdrawal of Sheppard, and the accounts between the partners were made out and settled. Desha and Smith then formed a new firm under the name of Desha, Smith & Co., and continued the same business, but Sheppard had no interest in this latter firm. Murray F. Smith, the complainant, now files his bill impeaching the account between Desha, Sheppard and himself for errors. The bill specifies the errors, which consist, as it is alleged, in several entries against Smith in favor of both Desha and Sheppard, by which Smith is made to pay to *both his partners, interest at the rate of eight per cent annually,* upon all the capital both had in the firm, over and above the amount furnished by Smith; thus, on the first day of October, 1842, he was charged with interest in favor of Sheppard to

the amount of $1851 $\frac{08}{100}$, which would be the amount of interest that the capital furnished, over and above the amount furnished by Smith, would yield, if it had been loaned to a stranger and not employed by the firm; and on the first of October of each succeeding year, Smith was charged with interest upon the same principle, in favor of Desha and Sheppard. Thus, Smith was charged with interest annually, at the rate of eight per cent., upon all the capital each of the other two partners had in the firm, above the amount furnished by Smith. The bill alleges that the complainant was admitted as a member of the firm upon terms of equality, and that this mode of computing interest in favor of his partners violates this principle of equality.

The answers of both defendants admit, that the complainant was admitted as a partner of their firm at the time stated in the bill, and also admit that he was to receive one third of the profits, and was entitled to equal control as a partner in the management of the business; but they deny that there is error in those charges, and insist that it was one of the terms of the agreement by which Smith was admitted as a partner, that he should pay interest to his partners in the manner in which it was charged in their books, and in the account current between them, which was settled in April, 1845; and they insist upon this stated account, as a bar to the relief sought by the bill.

From this summary statement of the case, it is apparent that the main question, touching the merits of the controversy, is, to ascertain the terms of the partnership between Desha, Sheppard and Smith; for it is too clear to admit of argument, that if they were equal partners, and there was no stipulation in the partnership agreement, that Smith should pay them interest in the manner in which he was charged therewith, there would then be errors in the account; for Smith is made to pay the entire interest on capital used for the mutual benefit of the firm. This the law would not compel him to do, in the absence of a stipulation to that effect. But I think it is also equally clear, that if by the terms of the partnership, Smith agreed to pay his partners interest in the manner in which he was charged, then there is no error in the accounts, and he has not been improperly or illegally charged with in-

terest. Partners may enter into such stipulations respecting the division of the profits, or the advantages that each is to derive therefrom, as they see fit, (unless indeed their pretended contract was a mere device or cover for usury;) and such contract being legal would form the rule, by *which the rights* of each, in the settlement of the joint affairs would be ascertained and adjusted: Coll. on Partnership, 54; Story on Partnership, 28 § 23. We must, therefore, look to the pleadings and evidence, for the purpose of ascertaining whether Smith agreed, upon becoming a member of the firm, to pay his copartners interest in the manner he was charged therewith in the account which he settled. The contract of partnership between the complainant and the defendants was not reduced to writing, and it is admitted by the bill, as well as in the answer of Sheppard, that the terms upon which Smith became a member of the firm were not discussed between him and Sheppard, and the answer of Desha in substance denies that the complainant became a partner upon any other terms, than those indicated by the account. He states that the terms of the partnership were agreed upon by Sheppard and himself; which were, that the profits were to be equally divided between the three parties, but that the complainant was to pay individually, to both Desha and Sheppard, interest annually at the rate of eight per cent., for any excess of capital 'both or either had or might have at any time, in the firm, above the amount that might be furnished by the complainant, and that these were the only terms ever proposed by Desha t ⟩ complainant, and that he accepted, them. The answer of Sheppard also insists, that these were the terms on which the complainant became a member of the firm of Desha, Sheppard & Co. In support of the answers, and to disprove errors in the accounts, the defendants mainly rely upon the entries contained in their books, by which the complainant was charged with interest conformably to the view of the partnership agreement as contained in their answers, and also, upon the fact, that upon the dissolution of the firm by the withdrawal of Sheppard, the accounts between the partners were examined by Smith, the complainant, and by him settled without objections. It also appears, that these entries were made in the books of the firm about the time they repectively

bear date, and that Smith had free access to the books of the firm, though they were more particularly under the charge of Sheppard than of any other member of the firm.

It is a well established principle, that entries in the books of a firm, to which all the members have had free access, are evidence for and against each partner in settling the partnership accounts; such entries, at the least, must be considered as *prima facie* correct: Heart v. Corning, 3 Paige 566; 7 ib. 483; Allen v. Coit, 6 Hill 318; Millandon & Son v. Sylvester, 8 La. R. 262–268; 11 Con. En. Ch. R. 269; Coll. on Partnership, Perkins' Ed., Note 1. But when the accounts between the partners have been made out and settled after full deliberation, they become much more stringent proof of their correctness; for the settlement shows the assent of the mind, after an examination of the accounts, that they are correct, and consequently that there is no false or erroneous charge contained in them; and it requires clear and convincing proof of error, and further that this error was unknown to the party at time of the settlement, to induce a court of equity to open the account thus settled. All the authorities agree, that the burthen of proof lies on him who complains of errors in a stated account, and errors which he does not clearly establish cannot be presumed to exist: Chappedilane v. Dechenaux, 4 Cranch 306; Wilde v. Jenkins, 4 Paige 481; Langdon v. Roane, adm'r., 6 Ala. 518, and cases there cited. Hence, if the evidence leaves the mind in doubt whether there is error or not, the court must decide against the existence of the error. In the language of Ch. Justice Marshall, "no practice could be more dangerous, than that of opening accounts which the parties themselves have adjusted, supported by probable or doubtful testimony."

Relying on this rule of law, a majority of the court, after a full and deliberate examination of all the evidence, and the circumstances connected with this cause, have come to the conclusion, that the testimony does not establish errors in the account; they think that, at the most, it only creates a doubt whether, by the terms of the partnership agreement, Smith was to pay his partners interest in the manner in which he was charged, and that testimony which only renders it doubtful whether the account is erroneous or not, is insufficient to open it, especially after it has been settled and paid.

For myself, however, I must say, that though I fully agree with the court on all the principles of law· that have guided them to their conclusion of fact, yet, weighing the evidence and the circumstances connected with the cause, my mind is forced to a different conclusion, and I can but believe that the evidence clearly establishes errors, and that the complainant was not apprized of their existence at the time the account was settled and paid. I, however, do not deem it necessary to enter into an argument upon the facts, to show the train of reasoning that has led me to this conclusion; it could not influence the court, for we have deliberately discussed and weighed all the evidence; it could not benefit the parties in interest, nor be of use to any one; it could only extend this opinion unnecessarily, and this I am not disposed to do. It is sufficient to say, that as a majority of the court are satisfied, that the evidence does not clearly show errors in the account, the decree must be reversed and the bill dismissed; and this renders it unnecessary to examine any other question raised in the argument.

*June* 8.—This cause has been re-argued since the organization of the court with five Judges, and a majority of the court adhere to the decision delivered at the previous term. We all agree on the principles of law announced in the opinion, and a majority think the evidence insufficient clearly to establish error in the account. For myself, however, I still remain of the same opinion, and think the complainant entitled to relief upon the facts established by the pleadings and proof, and my brother Goldthwaite concurs with me.

Let the decree of the Chancellor be reversed, and the bill here dismissed.