## DAY vs. LOCKWOOD AND LOCKWOOD vs. DAY.

In an action of account, the question whether the defendant was, or was not, the bailiff and receiver of the plaintiff, during the time specified in the declaration, is to be determined by the court before the appointment of auditors.

In this action, matter, which might have been pleaded in bar, can not be pleaded before auditors.

The auditors may take the account between the parties in this action, up to the time of making their report.

In an action of account, the plaintiff alleged, in the first count of his declaration, that the defendant, from April 1, 1851, to January 1, 1853, was the bailiff, and receiver, of the plaintiff, and as such had the care and management of the plaintiff's farm, and farming stock and crops ; and in the second count, that from April 1, 1851, to July 1, 1852, the plaintiff and defendant were partners in buying and selling coal, brick and plaster, and as the bailiff of the plaintiff, the defendant had the care and custody of $2,000 capital advanced by the plaintiff ; and the auditors, to whom the cause was referred, found a balance due to the plaintiff upon each of said counts ; and upon a remonstrance against the acceptance of said report, it appeared that the defendant rented the plaintiff's farm for one year from April 1, 1851, to account for the same at the end of the year, and continued in possession a second year, without any new agreement; and that the officer who served the plaintiff's writ, by his direction attached certain produce of said farm, a part of which decayed, and a part the plaintiff sold for less than its value when attached, and applied the proceeds to his own use, and the auditors charged him only with the amount he actually received.   Held, that such report ought not to be set aside, because the auditors embraced in their account the proceeds of the plaintiff's farm during the second year, nor because the account was taken up to the end of the second year, which was three months after the time specified in said declaration, nor because they charged the plaintiff only with the amount he received for the produce sold as aforesaid.

Where, in an action of account between copartners, the auditors allowed to the defendant the sum of $2,236.42, which was the full amount of a note advanced by him as a part of the capital of the firm ; it was held, that such report ought not to be set aside, because the defendant, in an action of account previously brought by him against the present plaintiff, had alleged that he had advanced, as capital to said copartnership, $2,000, and had not, at any time before the hearing, claimed that he had advanced a greater sum.

The unsettled claims of a copartnership, shortly after its dissolution, were, by the mutual consent of the partners, placed for collection in the hands of G., who, after collecting a part of them, paid over all the proceeds except $100, to the defendant in such action, and the court found that, the plaintiff had received more than his share of the partnership property and the defendant afterward requested G. to suspend making further collections, that his account might be made up, and a settlement made by the auditors, who were then

·investigating the partnership account; and that in consequence of misunderstanding the object, and purportlof the request, G. ceased making further collections, and some of said claims became uncollectable.   Held, 1. That the directions, given by the defendant to G., did not render him liable for any loss which might result from suspending such collections.   2. That the defendant was not chargeable with the money and accounts, in the hands of G.

*Qu.*  Whether an action at law will lie to settle a partnership account, while there are debts which remain uncollected, and common property undisposed of.

The objection, that such action was prematurely brought, can not be made by the plaintiff after the cause has been referred to auditors.

Where such auditors, in their report, allowed the defendant not only the amount, which he claimed to have advanced to said copartnership, as capital stock, but interest upon it; it was held, that his right to such interest depended entirely upon the understanding and agreement of the parties, and that, where it did not sufficiently appear, from such report, that there was any such agreement, the cause should be recommitted.

THESE were actions of account, and were referred to auditors, who reported in favor of Day, in both cases.   Lockwood filed remonstrances against the acceptance of their reports, and the superior court for Fairfield county, at the April term, 1855, found the facts therein arising, and reserved the cases for the advice of this court.

In the suit of Day against Lockwood, the declaration contained two counts.  · In the first, it was alleged that the defendant, from April 1, 1851, to January 1, 1853, was the bailiff and receiver of the plaintiff, and, as such, had the charge and management of the plaintiff's farm, the cattle with which it was stocked, and the hay, grain, and other crops, to account for the joint benefit of the plaintiff and defendant.

In the second count, it was alleged that, from April 1, 1851, to July 12, 1852, the plaintiff and defendant were partners in the business of buying and selling coal, brick, and plaster, and the defendant, as such partner, and as the bailiff of the plaintiff, had the care and custody of a large sum, to wit, two thousand dollars capital advanced by the plaintiff, to account, &c.   The writ was dated January 5, 1853.

The auditors found due from the defendant to the plaintiff, upon the first count, the sum of $894.25, and also a balance in favor of the plaintiff, upon the second count, which was

embraced in their report of the other case, tried before them, at the same time.

Two of the reasons, assigned in the remonstrance in this case, were found by the court below to be true.

1. The defendant leased the farm of the plaintiff, for one year from April 1, 1851, to account for the use of the same, at the end of the year, but continued in possession, without any new agreement, for another year. The defendant, before the auditors, claimed that he was not accountable for the use of the farm, for the second year, which had not expired, when the suit was brought, but the auditors charged him with $276.57, for the use of the same.

2. The officer who served the plaintiff's writ, by his direction, attached, and took into his possession, eight hundred bushels of potatoes and one hundred and sixteen bushels of oats, the produce of the farm, without the knowledge or consent of the defendant; a part of the potatoes rotted, and the plaintiff afterward sold the residue of the potatoes and the oats, for $200 less than their value when attached, and applied the proceeds to his own use. The defendant claimed that the plaintiff ought to be charged with the value of the property, when attached, but the auditors charged him only with the amount he actually received.

The case of Lockwood against Day, was a cross action, founded upon the same copartnership matters, set forth in the second count of the declaration, in the action in favor of Day. The auditors found a balance in favor of the defendant, of $396.36.

In the remonstrance in this case, several reasons were assigned by the defendant.

In the first, it was stated that Day had alleged, in his declaration, in the other suit, that he had advanced $2,000, capital stock, and had not, at any time before the hearing, claimed that he had put in more, and the plaintiff claimed that the auditors should not allow him any greater sum; but they allowed him $2,236.42, with interest from April 5, 1850. The court, upon this subject, found that the auditors had

allowed Day, as capital stock, nothing more than they found that he had advanced as such.

In the second reason, it was stated that Day put into the copartnership, a note against one Pritchard, dated April 5, 1850, for $2,236.42, and claimed to be allowed that amount, as capital. The plaintiff claimed that the note was put in at $2,000, the amount of capital which each partner was to put in; that the plaintiff was to guarantee the payment of the note, collect the same, and have the balance for his trouble and expense in the guaranty and collection; that he expended the sum of $50, in making the collection, and allowed Pritchard a further sum of $100, to effect a settlement; that only $1,900 ever went into the partnership concern, and that $550 was collected by him, long after the dissolution of the partnership. He thereupon claimed, that Day should be allowed no more upon the note than the sum which actually went into the partnership business; but that, if the whole amount were allowed him, then a deduction should be made of the two sums incurred for expenses, and in the settlement with Pritchard. But the auditors allowed Day the whole amount of the note, without any deduction.

Upon this subject, the court found that the auditors allowed Day the whole amount of the Pritchard note, because they found that it was so understood, and agreed, at the time the partnership was formed, and did not allow the plaintiff the two items claimed by him, because he did not, at the trial, present any account of the same, or prove to their satisfaction, that any definite sums had been expended by him, so as to enable them to make any definite finding, on the subject of either claim.

It was further stated, in the remonstrance, that shortly after the dissolution of the partnership, the uncollected accounts in favor of the company, by the mutual consent of the parties, were placed in the hands of one Griffith, for collection, who collected some of them, paid over the proceeds to the defendant, and refused to pay any portion to the plaintiff; that the defendant afterward requested Griffith to

stop his collections, which he did, in consequence of which, some of the debts became bad; and that, at the time of the hearing, Griffith had $100, the proceeds of his collections, remaining in his hands. The plaintiff thereupon claimed that the defendant should be charged with the $100, in Griffith's hands, and the uncollected accounts, but the auditors refused so to charge him, and left those claims remaining, as partnership property.

The court found the allegations true, and further found that the request made to Griffith, to stop the collections, was made to enable the defendant to make up his account, so that a settlement could be made by the auditors, who were then investigating the partnership accounts, and that Griffith ceased making further collections, in consequence of his misunderstanding the object, and purport, of the request.

There were other reasons set forth in the remonstrances, but as they were unsupported by the finding of the court, a statement of them becomes unnecessary.

*Hawley* and *Minor*, for Lockwood.

In the case of *Day* v. *Lockwood.*

I. The auditors erred, in taking the account for the second unexpired year, until the close of the year, as it could not be known what the state of the account between the parties would be.

The contract for that year, was one entire contract, furnishing only one cause of action, and that not till the end of the year. *Richardson* v. *Bank of England,* 4 M. & C., 165, 172. Sto. Part., § 348, n.

That the action was premature is available on the merits. 1 Saund. P. & E., 23. 1 Chit. Pl., 442, 3. *Stoddard* v. *Mix,* 14 Conn. R., 24. *Hills* v. *Winterbottom,* 2 B. & A., 431. 22 E. C. L. R., 16. 1 Camp., 335. 3 B. & P., 582.

II. Day should have been charged with the value of the potatoes, and the quantity when taken. Through the medium of legal process, he took them into his own hands, and appro-

priated them to himself, and is accountable for their value at that time.

In the case of *Lockwood* v. *Day.*

I. The auditors erred, in allowing Day more than $2,000 capital, when in the action first brought, he averred that he put in $2,000 only. Both actions were for the settlement of the same account, mere cross actions for the accomplishment of the same purpose. His own declaration showed clearly that the auditors have made a mistake, and one for which their award should be set aside. *Davenport* v. *Bradley*, 4 Conn. R., 389.

II. They erred, in allowing Day as capital more than was realized from the Pritchard note, and made available during the existence of the partnership ; for the putting in a note as capital, means merely the money realized on it. Capital means that which is used in business. This is evident from the fact that Day did not guarantee the note ; only $1,900 was ever made available to the parties.

They erred, in charging the whole note, without crediting the company with the discount, allowed to Pritchard, for the purpose of effecting a settlement of the note with him. That amount the company never realized ; it was a loss to them, and yet the auditors, instead of throwing that loss upon the company, have thrown it upon Lockwood. If the whole note had been lost through Pritchard's bankruptcy, or otherwise, the auditors, on the principle thus adopted, would have charged the whole to the company, as available assets, without passing the loss to the credit of the company, and in that way, Day would have recovered all the amount of Lockwood, as though it was all available assets on hand, to be divided, whereas the assets, which remained after the loss, would be all which the parties could be entitled to have divided between them.

III. They erred, in not taking into the account the moneys and assets in Griffith's hands, which should all have been charged to Day, because, by his interference, he had made himself chargeable with them. But they should at least

have been taken into the account, for the purpose of making a final settlement between them.   There can not be an account subsequent to this to settle the same concern ; each party having his action against the other from time to time, just as the state of their respective accounts with the firm from time to time may vary, each action still leaving the accounts unsettled.

IV. Neither partner can ever be indebted to the other, otherwise than through his indebtedness to the firm, and it can never be ascertained, whether either is indebted to the firm, or if so, in what amount, until the close of the concern and the final adjustment of the accounts.   Suppose Day to recover here, and afterward himself receive the $100 in Griffith's hands, and the proceeds of the uncollected accounts; then Lockwood must have his second action against Day.   A principle leading to such results is inadmissible.   The auditors have merely adjusted accounts up to the trial.   They have not settled the partnership account.   *Williams* v. *Henshaw*, 12 Pick., 378, and 11 Pick., 79.   Gow., 97–102, 547. *Haskell* v. *Adams*, 7 Pick., 59.   *Smith* v. *Brush*, 11 Conn. R., 359.   *Holabird* v. *Burr*, 17 Conn. R., 564.   Sto. Part., § 348, & n.   4 My. & Craig., 165, 172.   *Harrison* v. *Magee*, 3 Call., (Va.) 502.   *Simrall* v. *O'Bannon*, 7 B. Monroe, (Ky.) 608.   *Warren* v. *Wheelock*, 21 Verm., (6 Wash.,) 323.

V. In the absence of any agreement in relation to interest, the computation of interest was wrong.   Gow, ch. 2, § 4, p. 105; ch. 5, § 3, p. 236, § 4.   Collier, B. 2, ch. 3, § 4, p. 308–312.   304 n., 310 n., Perkins' ed.   *Holden* v. *Peace*, 4 Ire. Eq., 223.   *Stoughton* v. *Lynch*, 2 John. Ch., 209. *Desha* v. *Smith*, 20 Ala. R., 747.   *Lynch* v. *De Viar*, 3 Johns. Ca., 303.

The auditors should have taken the account to the time of dissolution, and ascertained the balance, and upon that balance have charged interest.

*Dutton* and *Carter*, for Day.

In the case of *Day* v. *Lockwood.*

The course, pursued by the auditors in taking the entire account, was correct.

I. The declaration covered the greater part of the second year, and the principal transactions of that year. By consenting to a judgment, and the appointment of auditors to take the account for a portion of the year, the defendant waived his right and opportunity to object to the taking of the entire account. *Smith* v. *Brush*, 11 Conn. R., 359, 365.

The bringing of the suit was a virtual termination of the relation, and was so understood by the parties, when the auditors were appointed. They were not appointed till long after the second year had expired, as the record shows.

It does not appear that any account was taken, of property not in existence at the time when the suit was brought.

II. The auditors did not err, in relation to the amount charged to the plaintiff for the potatoes and oats; a part of them rotted before they could be sold, and a part depreciated in price. The plaintiff was tenant in common in the ownership of them, and sold them as soon as possible, and to the best advantage, on joint account. It does not appear, and was not shown, that the defendant would have realized any more for them. Some of the oats were sold at a less price than the market value, when taken into possession.

In the case of *Lockwood* v. *Day.*

I. The finding of the court substantially disposes of the first point of the remonstrance. The award was made in a case in which the remonstrating party was plaintiff, and the claim that the defendant should be estopped in this action from recovering more than he had claimed in his writ, in another and cross action, is untenable.

II. Interest is allowable to a partner, who advances an excess of capital. Practically, the rule adopted by the auditors, tends to the same result, and is unobjectionable.

III. The claim of the plaintiff, that all the accounts should be charged to the defendant, because some of them might

have become uncollectable, can not be sustained. If the auditors could have regard to the state of facts at all, they could only charge the defendant with specific claims, shown to have been lost by the wrongful conduct of the defendant. But his conduct was not wrongful; the delay in the investigation, from which the loss, if any, occurred, was not his fault.

Nor could the auditors undertake to divide the assets of the partnership, remaining after the payment of all claims. Their duty ended with an adjustment of the accounts; and assets, which were not in the hands of either partner, and were not justly chargeable to either, but were in the hands of an agent jointly constituted, they had nothing to do with. Of those the partners are tenants in common, and may make partition.

WAITE, C. J.     Upon examining the copies furnished us, in the present cases, we find that the proceedings have been in some respects irregular, informal, and perhaps defective. But we have not felt ourselves called upon to notice those proceedings, any further, than is necessary to enable us to dispose of the several questions, which have been made and discussed before us, by the parties. Our opinion therefore must be considered as having reference to those questions, and nothing further.

1. The first question made, in reference to the case of *Day* against *Lockwood*, is, that the auditors erred in taking into their account the proceeds of the plaintiff's farm, during the second year, when that year had not expired, at the time when the suit was commenced. This objection, in our opinion, would have been a valid one, had it been taken at the right stage of the proceedings.

The declaration charges the defendant with having been the bailiff and receiver of the plaintiff, from April 1, 1851, to January 1, 1853, and accountable as such, for the produce of the plaintiff's farm during that time. Whether he was such

bailiff or not, was a question, not for the auditors, but for the court, to be tried upon a proper plea, presenting that issue, before the cause was sent to auditors, to take the account.

If, indeed, the defendant had simply pleaded that he was never the bailiff of the plaintiff, that issue must have been found against him, if at any time during the period specified in the declaration, he was such bailiff.

But we see no difficulty in so framing the plea as to present the issue, whether, under the circumstances, he was accountable for the use of the farm during the second year, so as to have that question determined before the cause was sent to auditors.

This court held, in one case, where the plaintiff sued for an injury done to her mill during a period of six years, and it appeared, that during three of those years, she was a tenant in common with another; that, as the defendant had omitted to plead on the joinder of the other co-tenant, the plaintiff might recover all the damages she had sustained during the six years. *Branch* v. *Doane,* 17 Conn. R., 402.

Had the defendant, before the auditors, introduced evidence to prove that he was never bailiff, or that he had fully accounted, it would have been their duty, notwithstanding, to have taken the account upon the ground that such defence came too late. The same rule, in our opinion, applies to the defence made before the auditors in the present case. A matter, which might have been pleaded in bar, can not afterward be pleaded before auditors. Com. Dig., Accompt. E. 11. 3 Wilson, 73–113. *Usher* v. *Spencer,* 2 Day, 116.

The precise question before them, is whether the plaintiff or defendant is in arrear. *Lacon* v. *Davenport,* 16 Conn. R., 345.

But it is said that the auditors have not only taken the account for the time specified in the declaration, but up to the end of the second year, some three months afterward. If by this we are to understand that they have embraced in their report anything, which was not a part of the joint

property during that period, or the produce of such joint property, they have undoubtedly erred.

The rule seems to be well settled, that in this action, the account may be taken up to the time of making the award and this upon the principle of doing justice to the parties. *Robinson* v. *Bland,* 2 Burr, 1,086. *Smith* v. *Brush,* 11 Conn. R., 359. *Holabird* v. *Burr,* 17 Conn. R., 556.

Thus, in the present case, the plaintiff was charged, and rightfully too, with the potatoes and oats, the common property, which he attached in his suit, and afterward sold. It would have been manifestly unjust to award him the whole amount due, when the suit was commenced, and allowed him to retain the proceeds of that property in addition. They were properly applied in reduction of his claim.

But in a chancery suit, this court has gone still further, and sanctioned the admission of evidence, to show that, after the account had been taken by a committee, and before a final decree, the state of the accounts had been varied. *Kendall* v. *New England Carpet Co.,* 13 Conn. R., 383.

In the present case, the use of the farm, for the term for which it was leased, and the produce of it, constituted the partnership property. The appropriation of any portion of it, by one partner, to his own use, rendered him accountable for it, to the other partner. And it makes no difference, whether the property thus converted, was gathered from the farm before, or after, the suit was commenced, provided, at the time of the conversion, it was common property, holden as such under the agreement upon which the suit was founded.

If two persons are joint owners of a ship, or a mill, and one of them, after a suit has been commenced for an account, receives freight or tolls earned by their common property, we see not why he should not be accountable for them, whether they were earned before, or after, the suit was commenced.

If indeed they were to purchase another ship, not with their joint funds, after suit brought, the case would be differ-

ent, however comprehensive the allegations in the declaration might be; so, in the present case, had Lockwood continued in possession of the farm for a third year, under circumstances showing that it was under a new agreement, although of the same kind, and upon the same terms as the former, he would not be accountable, in the present suit, for the produce on the farm, during that year.

But for another reason, we think this objection ought not to prevail. Although it is alleged in the remonstrance, that the account was taken for the whole year, it does not necessarily follow that it embraced any items of property, gathered from the farm during the last three months of that year. And, practically, we know that during these months very little if anything could be so gathered.

To justify us, in setting aside the report for this cause, we think the objection ought to have been more definitely made, showing clearly that the defendant was prejudiced by the decision of the auditors.

In the case of *Lockwood* against *Day*, it is in the first place urged that the auditors erred in allowing Day the full amount of the Pritchard note, as capital stock advanced by him.

What amount of capital was paid in, by the partners, was a question of fact for the determination of the auditors, depending upon the understanding and agreement of the partners. They might have agreed that the note should be received at its full amount, or only for the sum of two thousand dollars, or only for so much as might thereafter be collected upon it.

The court below has found that the note was received at the amount specified in it, because the auditors found, as a matter of fact, that such was the understanding and agreement of the parties. Surely there can be nothing erroneous in that.

Again it is said, that Day had stated, in the declaration in his suit, that he had put in two thousand dollars, and never,

previous to the hearing before the auditors, had he claimed that he had advanced more.

These facts were undoubtedly proper evidence in support of Lockwood's claim that Day had advanced but two thousand dollars; but they were only evidence to be weighed and considered, with other evidence in the case. Day might have shown, and probably did show, that the allegation in his declaration, was inserted by mistake, in reference to the amount. It did not amount to an estoppel, and as testimony in the case might be rebutted by other evidence.

But the auditors did not allow Lockwood the expenses incurred by him in the collection of the note, and the deduction made upon the final settlement. And there is a sufficient reason for their so doing. He failed to establish his claims to the satisfaction of the auditors. Surely they were not bound to allow claims, not sufficiently supported by evidence.

2. The claim, respecting the money and accounts in the hands of Griffith, is equally groundless. Why should Day be charged with them, any more than Lockwood? The accounts were placed in Griffith's hands for collection, by the mutual consent of both parties.

The payments, made by him to Day, were proper, because the report of the auditors shows that Lockwood had already received more of the partnership property, than his share.

The direction given by Day to Griffith to suspend the collection of the accounts, while the auditors were investigating the concerns of the partnership, was not such an act as rendered him chargeable for any loss that might afterward accrue.

Whether an action at law will lie to settle a partnership concern, while there are outstanding debts uncollected, and common property remaining undisposed of, is a question we do not propose to consider, for the reason already stated, that neither party has thought proper to present any such question for our consideration; and if either had, it was a

question not for the auditors, but for the court, before the cause was sent to them.

It is obvious, however, that it is in the power of a court of equity, under such circumstances, to do more complete justice to the parties than can be done in an action at law. That court might, by its decree, direct what disposition should be made of the common property, and provide for the collection of outstanding debts, in a manner that could not be done in a court of law. In the present case, however, the common property must remain to be hereafter disposed of, in such manner as the parties may think proper to adopt.

It will hardly do for Lockwood to bring an action at law for the settlement of a partnership concern, before the business has been closed, and after the cause has been referred to auditors, and a balance found against him, then say that no judgment can be rendered against him, because the suit was prematurely brought. His conduct amounts to a waiver of that objection.

The remaining question is attended with more difficulty. The auditors have not only allowed Day the amount which he claimed to have put in as capital stock, but the interest upon it. His right to such interest depends entirely upon the understanding and agreement of the partners; and without any such understanding, the charge of interest was illegal.

It was competent for the parties to agree that interest should be allowed upon the sums advanced by each partner as capital, or that, in consequence of the superior skill of one partner, or his greater attention to business, the other should put in a greater amount of capital, and that the profits should be equally divided. In the latter case, no interest ought to be allowed.

In the present case, it does not sufficiently appear that there was any understanding, or agreement, of the parties, that Day should be allowed interest upon his part of the

capital, and therefore the allowance of interest does not appear to have been rightfully made.

Our advice to the superior court, therefore, is, that the report of the auditors, in the case of *Day* against *Lockwood,* be accepted, and that the report, in the case of *Lockwood* against *Day,* be recommitted to the auditors, for them to find whether, in fact, there was an agreement that interest should be allowed upon the capital stock invested, and that, if they do not find such agreement, they correct their report, by the disallowance of interest thereon.

In this opinion, the other judges, STORRS and HINMAN, concurred.