GILMAN VS. VAUGHAN.

*(1)* RECORD. *Validity of order not affected by clerk's delay to enter it.*
*(2)* INTEREST *not allowed on partnership accounts before settlement.*
*(3)* COSTS.

1. Where the record shows an order of court, on stipulation of the parties, appointing a referee, prior in date to any action of such referee, the fact that such order was not seen by the clerk, nor entered in the rule book, until after the referee's report was filed, does not affect its validity.
2. As a general rule, interest will not be allowed upon partnership accounts until after a balance is struck on settlement between the partners, unless the parties have otherwise agreed or acted in their partnership concerns; and such interest was improperly allowed by the judgment in this case.
3. In an action for an accounting between partners, *costs* are in the discretion of the court.

APPEAL from the Circuit Court for *Dane* County.

From some time in the year 1865, until some time in February, 1868, the parties to this suit were partners in the business of buying and selling live stock, agricultural implements, etc., at Madison, in this state. Upon the dissolution of this copartnership, defendant formed a copartnership with one Hill at the same place; and the firm of Hill & *Vaughan* occupied for the transaction of their business the same premises previously occupied by *Vaughan & Gilman.* This action was brought to have an account taken of all the copartnership transactions between the plaintiff and defendant, and to have the remaining property of the firm sold, its liabilities paid off, and the surplus divided between the parties. Plaintiff also prayed that defendant might in the meantime be enjoined from collecting, receiving, disposing of, or otherwise intermed

dling with, the partnership debts, moneys, or effects; and also for the appointment of a receiver, etc.

The bill of exceptions states that issue was joined in the action by the service of an answer about May 21, 1873; that on the 28th of January, 1875, by order of the court, the action was referred to Sidney Foote, Esq., to take the testimony and state an account between the parties; that he proceeded to take some testimony in the action; but that "said Foote left the state on account of failing health, and Sinclair W. Botkin, Esq., was, by consent of parties, substituted as referee in place of said Foote." The referee filed his report April 21, 1877. He seems to have charged the defendant, among other things, with nineteen reapers and four mowers sold by him after the dissolution and never accounted for. He also found a general balance of $1,704.23 due the firm from defendant; and that there was due from defendant to plaintiff one-half of the last named sum ($852.11), together with interest thereon from January 1, 1871, at seven per cent. ($375.32), making a total of $1,227.43, for which, with costs of the action, and the other relief prayed for, he reported plaintiff entitled to judgment. Defendant filed exceptions to the finding, and moved for a modification of the report; and plaintiff moved for its confirmation. The court overruled defendant's exceptions, confirmed the report in all respects, and rendered judgment in plaintiff's favor for the amount found due, including the interest and costs. Defendant appealed from the judgment.

Brief for the appellant by *Sloan, Stevens & Morris*, and one for the respondent by *P. L. Spooner* and *F. J. Lamb;* and oral argument by *Mr. Sloan* for the appellant, and by *Mr. Lamb* and *Mr. Spooner* for the respondent.

COLE, J. I. The objection that there was no order of court appointing S. W. Botkin referee to take the testimony and state an account between the parties, is not sustained by the record. The record shows that such an order was made by the

court, founded on a stipulation of the parties, and bears date November 22, 1875. The fact that this order was not seen by the clerk, nor entered in the rule book, until December 26, 1877, does not affect its validity. There is no pretense, or ground for saying, that the order was not actually made at the time it bears date; and it certainly conferred upon the referee power to try the cause.

II. It is further objected that the defendant was charged in the accounting with too many machines. The circuit court on this question affirmed the finding of the referee; and we are disposed to adopt the computation of the referee as the most accurate that can be made upon the evidence. The finding of the referee is mainly based upon the books of account, which were produced on the trial. The referee considered the statements of the parties — more especially the statements of the plaintiff— as to the number of machines on hand in October, 1868, when the notes were divided, as too uncertain and contradictory to furnish a reliable basis for a finding upon that question. We fully agree with the referee as to the unsatisfactory character of this parol testimony. Its probative force is very slight, not only because the statements of the parties conflict or clash with each other, but because they may be said to be self-destructive. This is emphatically true of the statements of the plaintiff. The books of account, too, are so confused and unintelligible that they do not throw much light upon the inquiry as to the number of machines left with the defendant at the settlement in October, and which he ought to be charged with in the account. It is barely possible that the finding of the referee on this question does the defendant injustice; but if it does, it is attributable to his own neglect to keep the books in such a manner as to show the true state of the case. Indeed, both parties are somewhat at fault for not ascertaining the number of machines on hand at this time, and making some memorandum of it. But this they did not do; and because of the failure to transact the business in a proper manner, the

remark of the referee seems perfectly just, that neither knew, when testifying, how many machines belonged to the firm, nor their condition or value, when the division of notes was made. It is quite true, the plaintiff finally said, on his examination, that he "knew that there were thirty-five machines on hand at the time of the division, from counting them up with Mr. Hill and *Mr. Vaughan.*" But this statement, in view of the other testimony of the witness, is utterly untrustworthy. So, as the result of our examination of the evidence, we have concluded to adopt the finding of the referee as to the number and value of the machines which should be charged to the defendant in the account. We shall not, however, discuss the testimony at all bearing on this question of fact, but content ourselves in saying that there is evidence to support the finding of the referee on this point.

III. The referee allowed the plaintiff interest on $852.11 from the 1st day of January, 1871; and his counsel insist that this was just and equitable. We are unable to adopt that view of the matter. As a general rule, interest is not allowed upon partnership accounts until after a balance is struck on a settlement between the partners, unless the parties have otherwise agreed or acted in their partnership concerns. *Dexter v. Arnold*, 3 Mason, 284; *Lee v. Lashbrooke*, 8 Dana, 214; *Beacham v. Eckford*, 2 Sandf. Ch., 116; *Day v. Lockwood*, 24 Conn., 185; *Desha v. Smith*, 20 Ala., 747; *Whitcomb v. Converse*, 119 Mass., 38. In some cases, where a partner has made advances for the purposes of the partnership business, he has been allowed interest on such advances, although there was no express agreement to that effect, if it could be inferred from circumstances or usage that an allowance of interest was intended *(Ex parte Chippendale*, 4 De G., M. & G., 19; Parsons on Part., 230); but this has been denied in other cases, as will be seen on examination of the authorities referred to in note (j) of Parsons on Part., p. 230; and note (2) to § 182, Story on Part. The balance found due the plaintiff on the

accounting was the profits of the partnership business. He had received all his capital at or before the dissolution in March, 1868. Of course there is no ground for treating these undivided profits as capital advanced, so as to bring the case within the rule laid down in *Ex parte Chippendale*. Even where profits were left in the business, it was held that the partner leaving them was not entitled to interest on them unless by express agreement. *Dinham v. Bradford*, L. R., 5 Ch. App., 518. The amount which the plaintiff would be entitled to receive could only be ascertained on a final settlement of the partnership matters. Some of the machines which were left with the defendant had to be repaired; the expense of repairing them had to be ascertained; all the machines had to be sold, and the amount of sales adjusted. Besides, there were other matters relating to the partnership affairs, which had to be settled. Under these circumstances, we think the principle of the decisions in *Marsh v. Fraser*, 37 Wis., 149, and *Shipman v. The State*, ante, p. 458, applies. It was there held that an open, unliquidated demand for goods or services did not draw interest, in the absence of an agreement to that effect. We see nothing in this case which should make it an exception to the rule refusing interest on unsettled accounts. It is said that all the machines were sold before January 1, 1871; and that the defendant received the proceeds of the sales, used and enjoyed them, and is therefore equitably chargeable with interest on the amount due the plaintiff. But it must be remembered that the plaintiff himself sold and received pay for two machines, and it was somewhat his fault that all the partnership accounts were not adjusted. It is true, he testifies that he repeatedly requested the defendant to meet and settle these matters; that "there were several days set" for that purpose, but, on his going to the office at each time, he was informed by Mr. Hill that the defendant was away from home. It does not appear when these appointments for a settlement were made; but we infer it was only a

Gilman vs. Vaughan.

short time before the suit was commenced. At all events, it was within the power of the plaintiff to force a settlement of the partnership accounts, and, had he been diligent, such settlement would not have been so long delayed. Consequently, in view of all the facts, we adhere to the rule laid down in this court, of disallowing interest on unliquidated accounts. We have examined the cases of *Gyger's Appeal*, 62 Pa. St., 73; *Robbins v. Laswell*, 58 Ill., 203; *Stoughton v. Lynch*, 2 Johns. Ch., 209; and *Honore v. Colmesnil*, 7 Dana, 199, cited by plaintiff's counsel on this point, and see nothing in them to change our views upon this subject. We therefore think no interest should be allowed the plaintiff on the balance found due him on the accounting.

IV. It is said by defendant's counsel that the court below erred in rendering too large a judgment, in this, that a balance shown by the books of account of the firm in favor of the defendant, of $13.12, was not credited to him. He should doubtless be credited with that sum, and we think should be charged with one-half the discount on the Sherman note, or $12.50. With these corrections in the account as stated by the referee, we think the account should stand.

V. As to the matter of costs, this was in the discretion of the court below, and we are not disposed to interfere with that discretion, which will be doubtless wisely exercised.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment in accordance with this opinion.