P. L. GARRITY

*v.*

THE HAMBURGER COMPANY.

*Filed at Ottawa March 30, 1891.*

1. ACTION OF ACCOUNT—*on book accounts.* Under section 2 of the act relating to the action of account, the right of action is enlarged, so that such action may be maintained on book accounts.

2. SAME—*trial in another action pending—or changing the form of action.* Under section 20 of the act relating to the action of account, if it shall appear to the court, on the trial of an action of assumpsit or other action, that the trial more properly belongs to an action of account, it will be competent for the court to try and adjust the account between the parties in such pending action, the same as though brought as an action of account.

3. So in case the trial court finds, from the evidence heard in an action of assumpsit, that the cause involves long book accounts and the casting of an account between the parties, and such finding is not objected to, but acquiesced in. the court will be authorized, not only to adjudge that the account shall be tried and adjusted in the pending action, but also that the form of action may be changed to an action of account on book account, wherein the accounts of the parties may be more properly and conveniently adjusted. In such case the court may allow a count in the action of account to be filed, which will be taken as a substitute for the original count in assumpsit.

4. And where an interlocutory judgment was entered in an action of assumpsit that the parties account with each other, and an auditor was appointed to take and state the account, and the plaintiff, some days thereafter, by leave of court, amended his declaration by adding a count in the action of account as of the date of the judgment, it was

urged in this court that there was a misjoinder of counts : *Held,* that the steps taken showed an abandonment of the counts in assumpsit, and a substitution of the count in the action of account, and hence there was no misjoinder.

5. SAME—*judgment quod computet—when proper to be entered—and what may amount to such a judgment.* Under section 6 of the act, if any plea is filed by the defendant denying the right of the plaintiff to have an accounting, the issues thereon are to be tried by a jury; and if the verdict is against the defendant, or he shall not appear, or shall appear and confess that he ought to account, the court shall render the inter-locutory judgment that the parties do account.

6. Where the court finds that a case being tried is one properly to be tried and settled in the action of account, it may discharge the jury and order the case to proceed as if brought as such, and allow an amendment to be made to the declaration changing the form of action; and an order entered, without objection, "that the defendant. do account with the plaintiff, and that plaintiff do account with the defendant," is virtually a judgment *quod computet,* which determines nothing beyond a liability to account.

7. SAME—*of the pleadings—before the court and before the auditors.* The only plea in bar to an action of account which may be interposed before the court, is one which shows that the defendant is not then liable to account to the plaintiff, and no such plea can be filed after the entry of the interlocutory judgment to account. In such case no plea to the declaration is needed, and no issue is required to be made up thereon. No formal pleas are allowed before the auditors.

8. After judgment requiring the defendant to account, he can not object to the proceedings before the auditors appointed, for the reason that the pleadings in the cause have not been made up, and no issue is joined on the declaration, and that he has no opportunity to plead thereto.

9. SAME — *oath of auditors — presumption — waiver.* In the absence of any showing otherwise, it will be presumed that the auditors took the requisite oath to faithfully and impartially take and state the account between the parties.

10. The defendant in an action of account, by appearing before the auditors and there introducing testimony, and making no objection before them or in the trial court that the auditors were not sworn, will have waived that objection.

11. SAME—*questions of fact—considered by the auditors.* The statute relating to actions of account contemplates that auditors appointed thereunder shall have the power to hear evidence and pass upon questions of fact.

·12.  SAME—*questions of law—arising before the auditors—how disposed of.*  If any question of law arises before the auditors upon which they deem it advisable to take the opinion of the court, this may be done, either by having the question certified to the court and there decided, or by filing exceptions to the report.

13.  SAME—*trial by jury—of the right—waiver.*  Where it is shown by the record that a defendant in an action of assumpsit acquiesced in and consented to the action of the court in discharging the jury, and referring the cause to an auditor to state an account, and report the same and other findings of fact submitted, the party so consenting can not be heard to say that he has thereby been deprived of a right to a trial by jury as to the disputed questions of fact.

14.  If the assent of the defendant in such action to the reference of the case and certain questions of fact to the auditors is not a waiver of his right to a trial by jury on any issue arising before the auditors, he should claim such right in respect to the particular matter, and ask to have such questions of fact certified by the auditors to the court, and there decided by a jury.  If he fails to do so, he can not, after the final report of the auditors, by exceptions, insist that there were questions of fact which should have been tried by a jury.

15.  SAME—*judgment before and after the accounting.*  Where the liability to account is conceded, the judgment *quod computet* is the only one that can be entered upon a declaration in account prior to the coming in of the auditors' report, and the final judgment then entered is based on the auditors' report, and only indirectly upon the declaration.

16.  BILL OF EXCEPTIONS—*construction—presumption in support of judgment below.*  A bill of exceptions being regarded as a pleading of the party taking the same, and not as a writing of the judge, if open to the charge of ambiguity, uncertainty or omission, will be construed most strongly against the party who prepares it.

17.  A bill of exceptions stated, "this was and is all the testimony offered or received," etc., but the bill showed on its face that other evidence was introduced which was not copied therein:  *Held*, that it would be presumed the omitted evidence justified the finding and judgment of the trial court.

18.  APPEAL—*reviewing questions of fact.*  Where the Appellate Court affirms the judgment of the trial court in an action of account, the judgment of the Appellate Court is final, both in respect to the principal and ultimate facts upon which the right of recovery or ground of defense is claimed or based, and in respect to the evidentiary and subordinate facts, which are mere evidence of such principal facts.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. SAWIN & VANDERPLOEG, for the appellant:

The court had no authority to enter any order of reference to account when made, because, first, no count or declaration in account had been filed at the time the order of reference was made, and hence the order was without any support; second, no issue of fact or of law was ever. made, ordered or allowed to be made to the declaration in account after it was filed, and no default thereon was entered; third, no interlocutory judgment to account was at any time entered upon the finding of any court or jury, and hence no foundation for any order of reference exists or can exist, as required by our statute and the common law; fourth, no jury was ever called or waived to try the question whether the defendant was liable to account or not; fifth, the order of reference is radically wrong, requiring disputed questions of fact and of law, such as constructions of contracts, misrepresentations and. misappropriations, to be passed upon and decided by an auditor; sixth, the order, in its terms, is a direct invasion of appellant's right to have questions of fact in actions at common law to be tried by a jury.   Rev. Stat. chap. 2, "Action of Account;" *Lee* v. *Abrams,* 12 Ill. 112; *Hawley* v. *Burd,* 6 Ill. App. 454; *Spear* v. *Newell,* 2 Paine, 267; *Crousellot* v. *McCall,* 5 Binn. 433; *Robson* v. *Jones,* 33 Texas, 324; *Godfrey* v. *Saunders,* 3 Wils. 73; Const. 1848, sec. 6, art. 13; Const. 1870, sec. 5, art. 2; Freeman's Ill. Prac. 266-284, which contains a very elaborate discussion of the subject of the action of account.

An action of account or of book account is not proper, and can not be maintained under such circumstances, since the whole of plaintiff's cause of action was based upon misrepresentation, misappropriation and fraud.   *Spear* v. *Newell,* 2 Paine, 267; *May* v. *Williams,* 3 Vt. 239.

If, however, not regarding the action of account at common law, it is contended that a construction of our statute warrants a proceeding as was had in the case at bar, we insist that it is a direct invasion, and is in derogation of the right every citizen has to have all questions of fact in actions at common law tried by a jury. *Bohmann* v. *City*, 15 Ill. App. 48; *Ware* v. *Nottinger*, 35 Ill. 375; *Robson* v. *Jones*, 33 Texas, 324; Const. as above cited.

Should it be urged, however, that the order recites that the defendant was willing to account, or stood by and suffered such order to be made, and by his silence acquiesced therein, we insist that such recital proves nothing, and if it did, such a willingness can not confer jurisdiction not before possessed; and further, that such willingness to account can not be construed as a waiver of trial by jury on the controverted question of fraud, etc., but could extend only to undisputed items, as shown by the proper books of account, or other evidence between them. *Ware* v. *Nottinger*, 35 Ill. 375; *Hermann* v. *Pardridge*, 79 id. 471.

There was a misjoinder of counts. *May* v. *Williams*, 3 Vt. 239; *Spear* v. *Newell*, 2 Paine, 267.

We contend, first, that the auditor had no authority to act in the matter, because no interlocutory judgment to account, upon any verdict or finding of the court, legally made, was entered therein; and second, because the auditor was not under oath, in fact, and it does not appear by the record that he was sworn, an auditor being simply a referee.

As to the first proposition, see cases cited above, especially *Spear* v. *Newell*, which holds such judgment essential, and *Clison* v. *Means*, 40 Me. 337. As to the second proposition, see *Gregory* v. *Healy*, 61 Ill. 470.

Disputed questions of law or of fact, as they arise before an auditor, must be referred to the court; if of law, they are to be decided by the judge, and if of fact, they are to be passed upon by a jury. Nor are formal pleadings required or allowed

before an auditor, to present or preserve them, but they should be by him certified into court. Such is the uniform law of procedure in this action. See the cases above cited; *Lee v. Abrams*, 12 Ill. 168.

The judgment to account was not and could not be properly entered at the time the order of reference was made, since no declaration to account had then been filed, and a judgment without a declaration is void, and should be arrested, on motion. *Trabue v. Higden,* 4 Cold. 621; *Mayfield v. Beech*, 2 Sneed, 443; *Armstrong v. Barton*, 42 Miss. 506.

The auditor had no power to act until he was sworn. *Ford v. Potts*, 1 Holst. 388; *French v. Mosely*, 2 Bibb. 167.

The Appellate Court, in its opinion, holds that the bill of exceptions does not state that it contains all the evidence given at the trial. In this the Appellate Court erred, as matter of law. At the close of the testimony it explicitly states as follows: "This was and is all the testimony offered or received upon the trial of said cause by either party." This statement is sufficient, under direct decisions of the Supreme Court upon this point, as shown by the following authorities: *Marine Bank v. Rushmore*, 28 Ill. 463; *Buckmaster v. Coll*, 12 id. 74; *Stickney v. Cassell*, 1 Gilm. 418.

Mr. DAVID J. WILE, and Messrs. GARTSIDE & LEFFINGWELL, for the appellee:

The court had power to give leave to amend all papers and proceedings, by changing the form of action to account. (See Starr & Curtis' Stat. p. 265, sec. 1; *Meyer v. Wiltshire*, 92 Ill. 395.) But no objection was made to the grant of leave to amend, at any time.

The court had jurisdiction of the common law and statutory action of account. Starr & Curtis' Stat. chap. 2.

Appellant's failure to object to the jury's discharge, his willingness to account, his failure to object to the reference, his omission to object to the order changing the form of action,

amounted to a waiver of any possible irregularities in the proceedings. *Randolph County* v. *Rolls*, 18 Ill. 29; *Phillips* v. *Hord*, 85 id. 451; *Birks* v. *Houston*, 63 id. 77.

The interlocutory judgment established nothing against the defendant except his liability to account. *Lee* v. *Abrams*, 12 Ill. 111.

No issue of fact was necessary, since appellant confessed that he ought to account.

The objection that the auditor was not shown to have been sworn comes too late, and it will be presumed he was sworn.

The judgment of the Appellate Court is conclusive as to all questions of fact. *Packet Co.* v. *Gattman*, 127 Ill. 608; *Fitch* v. *Johnson*, 104 Ill. 118; *Edgerton* v. *Weaver*, 105 id. 43; *Bridge Co.* v. *Comrs.* 101 id. 518.

Although the bill of exceptions purports to contain all the evidence, yet if it shows that it in fact does not, it is not sufficient. *State* v. *Stewarts*, 9 Ind. 221; *Hinkley* v. *Margerum*, 50 Ind. 240; *Rogers* v. *Hall*, 3 Scam. 6.


Mr. JUSTICE BAKER delivered the opinion of the Court:

It may be well to state in the outset, by way of explanation, that in February, 1884, the appellant Garrity, L. M. Hamburger and Max Hamburger commenced a co-partnership business, under the firm name of Hamburger Bros. & Co.; that the partnership agreement made provision for the probable organization of a stock company, to be called "Hamburger Bros. Co.," and the transfer of the capital and business of the firm to it; that the contemplated corporation was in fact formed and the firm merged in it; that afterwards the name of the corporation was changed to the "Hamburger & Garrity Co.," and subsequently again changed to the "Hamburger Co.," and that in February, 1886, said Garrity sold all his interest in the corporation and the business to Jonas Hamburger.

This suit was originally an action in assumpsit, brought by the Hamburger Co., appellee, against Garrity, the appellant. The declaration contained the common counts and one special count. The general issue, a plea of set-off, and other pleas, were interposed. Issues were formed, and the cause submitted to a jury for trial, and a part of the evidence introduced. The record shows that thereupon there was an imparlance between the court and counsel for both parties, in which counsel for appellant stated, among other things, that there would not be the slightest objection to an auditor taking the evidence that had already been given, and that then the court made and entered the following order in the case:

"It appearing to the court, from the evidence heard, that this cause involves long book accounts, and involves the casting of an account between the plaintiff and defendant, the court, of its own motion, orders that the jury be discharged; and the defendant making no objection to the accounting, it is ordered that the defendant do account with the plaintiff, and that the plaintiff do account with the defendant. And it is further ordered, that Penoyer L. Sherman be appointed auditor in this case; that he proceed immediately to hear the evidence in this cause, and that he report on the evidence with all due speed to this court, together with his conclusions thereon, finding:

"*First*—What were the terms of sale of the branch store from Garrity to the Hamburger & Garrity Co.

"*Second*—What amount, if any, is due the plaintiff, growing out of said sale and the representations made thereat.

"*Third*—What amount, if any, is due the plaintiff for moneys taken in at the branch store, and either not turned over to the plaintiff, or misappropriated, or used by Garrity for purposes foreign to the objects and business of the corporation.

"*Fourth*—What sum, if any, was due from the Hamburger & Garrity Co. to defendant Garrity at the time of his sale to Jonas Hamburger, in February, 1886.

"*Fifth*—What sum, if any, was due from the defendant Garrity to the Hamburger & Garrity Co. at the date of said sale.

"*Sixth*—What interest Garrity had in the Hamburger & Garrity Co. at the date of said sale to Jonas Hamburger."

It thus affirmatively appears that appellant made no objection and took no exception to the action of the court in the premises. It must be presumed that he acquiesced in and consented to the discharge of the jury, to the interlocutory order requiring each party to account with the other, to the appointment of the auditor, and to the questions to be submitted to such auditor.

The above order was made and the jury discharged on October 18, 1888. On October 30, following, the appellant moved the court to set aside the order of reference to the auditor, which was denied, but he took no exception to the ruling of the court thereon; and on the same day leave was given the appellee corporation to amend all papers and proceedings herein by changing the form of action to account, and to file an additional count to its declaration *nunc pro tunc* as of October 18, 1888, and a count in action of account on book account was forthwith so filed. Subsequently, and on the same day, the parties met before the auditor, and appellant made objections to proceeding further before such auditor, because the pleadings in the case were not made up; because there was no issue joined upon the declaration for an accounting; because there was no jurisdiction in the auditor to pass upon the questions of fact submitted to him by the court; because there had been no interlocutory judgment rendered that the defendant do account in the case; because no opportunity had been given to file a plea to the declaration filed *nunc pro tunc;* and because there was a misjoinder of actions. The auditor directed the objections to be entered, but made no ruling thereon, and then proceeded to hear the evidence and examine and adjust the accounts between the parties. The auditor then made a final report, showing his findings

upon the six propositions referred to him by the order of the court. The appellant interposed, before the auditor, some nine exceptions, which were overruled by the auditor, and upon said exceptions being renewed before the court, upon the coming in of the final report, they were again overruled. These exceptions probably covered, in substance, the above mentioned objections made at the first meeting before the auditor, and also questioned the right of the auditor to make findings upon disputed questions of fact, and claimed that his findings were not justified by the evidence, and that he committed errors in the reception and exclusion of testimony.

The statutes of this State in regard to actions of account have extended the right of action, enlarged the jurisdiction of the courts, and increased the powers of auditors. (Rev. Stat. 1874, chap. 2.) Under the statute (sec. 2) the action of account may be sustained on book account.

Section 6 of the act in question is as follows : "If the defendant in an action of account shall plead in defense any plea, which being true he ought not to account, the issue thereon may be tried by a jury ; and if the verdict be found against him, or if such defendant shall not appear, or appearing shall confess that he ought to account with the plaintiff, the court shall render judgment that he do account."

When appellant acquiesced in the conclusion of the court that the case involved long book accounts, and the casting of an account between himself and the appellee, and "made no objection to an accounting," the case, in substance, did not stand otherwise than it would if he had confessed that "he ought to account." When the determination is reached by verdict, confession or otherwise, that a defendant "ought to account," then the interlocutory judgment "that he do account" follows logically and as a matter of course. The order that was entered by the court, "it is ordered that the defendant do account with the plaintiff, and that plaintiff do account with the defendant," was virtually a judgment *quod computet*, and

it determined nothing beyond a liability to account.    *Lee* v. *Abrams*, 12 Ill. 111.

The court had jurisdiction of the persons of both the plaintiff and the defendant, and jurisdiction of the subject matter of the controversy between them, and this regardless of the question whether the declaration was in assumpsit or in an action of account. It had ample authority to allow the amendments changing the form of action, and to permit the filing of a count in account. (Statute of Amendments and Jeofails, sec. 1; Practice act, Rev. Stat. chap. 110, sec. 24.) It was a matter of sound discretion with the court to allow the new count to be filed *nunc pro tunc* as of October 18, 1888, and when filed it related back and took effect as of that date. The procedure adopted on October 18 for the settlement of the litigation pending between the parties was that provided by law for actions of account, and the effect of the amendments and of the filing of a declaration in account *nunc pro tunc* was to bring about and preserve a correspondence between the pleadings in the case and the form of procedure followed therein.

It is urged that the result of filing a count in account was to produce a misjoinder of the action of account with assumpsit, and that there being such misjoinder of counts, the declaration is bad in arrest of judgment or upon error. The true view to take of the matter is, that the filing of the declaration in account, taken in connection with the leave to amend, and judgment to account, and order appointing an auditor, was an abandonment of the counts in assumpsit, and an elimination of them from the suit, and a substitution of the declaration in account in their place and stead. When the declaration in account was filed, there was no occasion or place for interposing any plea thereto or making up any issue thereon. In such action, the only plea in bar which can be interposed before the court is one which shows that the defendant is not then liable to account to the plaintiff. (*Lee* v. *Abrams, supra.*) Here, the fact that the defendant was so liable to account stood

already admitted upon the record. An interlocutory judgment *quod computet* had already been rendered, and the liability to account being conceded, it was the only judgment that could be entered upon a declaration in account prior to the coming in of the auditor's report, and the final judgment then entered would be based on the auditor's report, and only indirectly upon the declaration. Section 16 of the statute under examination provides, in express terms, "no formal pleading shall be allowed to be filed before the auditors who may be appointed to take and state an account between the parties in an action of account." Long prior to the enactment of this section this court held, in *Lee* v. *Abrams, supra,* that the better practice was for the parties not to make up formal pleadings in stating their accounts before the auditor. In this suit, the judgment *quod computet* was that each party account with the other, and so, without any formal pleadings in regard to the particular matters of which an account was to be taken, defendant could get the benefit, before the auditor, of any items to which he was entitled, whether by way of set-off, payment, or otherwise, and could deny any items claimed by the plaintiff; and so, appellant can take nothing by his objections that the pleadings in the cause were not made up, that no issue was joined on the declaration in account, and that he had no opportunity to plead thereto.

A point is made, that it does not appear from the record that the auditor was sworn. The statute provides that the auditor, before he enters upon his duties, shall be sworn faithfully and impartially to take and state the account between the parties, and make report to the court. This objection was not made either in the Superior Court or before the auditor. In this action at law, and in the absence of any showing otherwise, it must be presumed that the statutory requirement that the auditor should take a prescribed oath was duly complied with. Even if there was no such presumption, yet the conduct of appellant in making no objection, either before the auditor

or in the trial court, that the oath had not been taken, and in introducing testimony before the auditor, would be a waiver of that defect in the proceedings. *Pardridge et al.* v. *Ryan*, 134 Ill. 247.

·It is claimed that the order of reference to the auditor is radically wrong, since it requires disputed questions of fact and of law to be passed upon and decided by such auditor; that the order, in its terms, is a direct invasion of the right to have questions of fact in actions at common law tried by a jury, and that there was no authority in the auditor to decide contested facts. As we have heretofore seen, it must be presumed, from the record of the proceedings had in the premises, that the appellant acquiesced in and consented to the discharge of the jury, and the reference to the auditor, and the questions to be submitted to such auditor. The statute gives to auditors authority to administer oaths and affirmations to witnesses, and to take the testimony of witnesses, and to examine either or all of the parties on oath, and to compel the attendance of witnesses and production of books and papers, and to liquidate and adjust the accounts, and state the balance, and to whom due. It is manifest that the act contemplates that auditors shall have the power to hear evidence and pass upon questions of fact. It must be held, that when appellant acquiesced in and consented to the reference and the questions to be submitted to the auditor, it was, in substance, a waiver of the right of trial by jury, in respect to the matters of fact involved in such questions. Even if we should assume that such acquiescence and assent were not a waiver of the constitutional right of a trial by jury of any issue of fact that might arise in the hearing before the auditor, yet we think that if any issue of fact so arose upon which appellant desired to take the verdict of a jury, it was incumbent upon him, prior to the introduction of the evidence in regard thereto and the findings of the auditor thereon, to claim such right of jury trial in respect to the particular matter, and ask to have such question of fact

certified by the auditor to the court, and there decided by a
jury.    Appellant not.having thus claimed any jury issues be-
fore the auditor pending the hearing and prior to the time the
auditor made his findings, it was too late, after the auditor
had announced his findings and made his final report, to file
exceptions and insist that there were questions of fact involved
in the case which should have been passed upon by a jury.
To allow appellant so to do would be to permit him to lie by
and avail himself of the findings of the auditor if they were
in his favor, and object to the same and insist upon another
and a jury trial if they were against him.

   The result of the auditor's examination of the accounts be-
tween the parties was the finding of a balance of $1138.29
due the appellee from appellant,.and for that amount judg-
ment was rendered by the Superior Court.    Questions of fact
are quite elaborately discussed in the briefs and arguments
filed by counsel, but by the judgment of affirmance in the Ap-
pellate Court all questions of fact are, in this action at law,
eliminated from the record.    The settled doctrine is, that in
an action such as this the judgment of the Appellate Court is
final both in respect to the principal and ultimate facts upon
which the right of recovery or ground of defense is claimed or
based, and in respect to the evidentiary and subordinate facts
which are mere evidence of such principal facts.    *Hamburg-
American Packet Co.* v. *Gattman,* 127 Ill. 598, and cases cited.

   One of the claims made by appellant upon the accounting
was, that he was entitled to draw from the appellee corpora-
tion a salary of $5000 per year, from April 24, 1884, until
February 19, 1886.    The report of the auditor in that behalf
was, that the claim for salary was not sustained, and the re-
port in that regard was approved by the *nisi prius* court.    It
appears from the bill of exceptions that one of the articles of
the co-partnership agreement originally entered into by Gar-
rity and two of the Hamburgers, provided that Garrity should
have the right to draw out of the business $5000 a year, and

each of said Hamburgers $12,000 a year; that another of the articles provided that neither party to the agreement should be entitled to any salary for services rendered; and that still another article made provision that "this memorandum shall be the basis for by-laws for such corporation,"—meaning the corporation proposed to be formed. The bill of exceptions also shows that a by-law of the corporation was read in evidence, as follows: "Said Hamburger and Garrity may draw and receive from said company as follows: P. L. Garrity, $5000, etc., per year; Max Hamburger, $12,000 per year," etc. The bill of exceptions also shows that the appellee offered in evidence certain other specified sections of the by-laws of the corporation, and that the same were admitted in evidence; but said last mentioned by-laws are not to be found copied into the transcript of the record.

The bill of exceptions states, at the close of the testimony: "This was and is all the testimony offered or received upon the trial of said cause by either party." The Appellate Court, in passing upon this matter, say: "The record shows that appellees put in evidence six other by-laws, but they are not copied. It has always been the law of the State, that if a bill of exceptions did not state that it contained all the evidence, a court of review would presume that the decision of the lower court which could be was justified by evidence not shown, if that shown was not sufficient. (*Rogers* v. *Hall*, 3 Scam. 5.) It is very probable that some one of the omitted by-laws negatives the claim for salary in pursuance of the provision of the partnership agreement." It is urged by appellant that the Appellate Court, in thus holding, erred as to a matter of law.

The bill of exceptions is somewhat ambiguous in its terms. The expression, "*this* was and is all the testimony offered or received," etc., is broad enough in its scope to include the other by-laws which another portion of the bill of exceptions

33—136 ILL.

states were both offered and admitted in evidence. All the testimony that is either set out or mentioned in the prior portions of the bill of exceptions, including the designated by-laws, is the antecedent of the pronoun "this." The language of this court in the case cited by the Appellate Court (*Rogers* v. *Hall,* 3 Scam. 5,) is here much in point. It was there said: "The bill of exceptions is not to be considered as a writing of the judge, but is to be esteemed as a pleading of the party alleging the exception, and if liable to the charge of ambiguity, uncertainty or omission, it ought, like any other pleading, to be construed most strongly against the party who prepared it. The appellant must be responsible for all uncertainty and omission in his bill of exceptions, because he could and ought to have written out the evidence truly and according to the fact.   *   *   *   If it now fails to appear that injustice has been done, it is the fault of the plaintiff himself, in not stating, as he might have done, the whole of the testimony in his bill of exceptions. The party guilty of the omission must be the sufferer, and not the opposite party." We think the Appellate Court took a substantially correct view of the matter, since it affirmatively appeared, from the bill of exceptions, that evidence which probably bore on the question in issue was introduced at the hearing but was not copied into the bill of exceptions.

Some irregularities appear upon the face of the record, but we find no manifest error therein.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*