## Tucker v. Burkitt.

1. *Practice—Objection, Taking Exceptions, etc.*— On the trial of an action, at the close of the evidence on the part of one of the litigants, the attorney for the opposite party objected to all the testimony admitted, and took exceptions, etc. *It was held,* that such an objection was utterly valueless. A general objection to all the evidence on one side of a case will not be considered.

2. *Practice—Objections to Testimony.*—An objection, to be availing, must be made before a question is answered. Or if the answer is not responsive, a motion to strike it out must be made at the earliest opportunity. It would be a dangerous practice to permit counsel to allow

Tucker v. Burkitt.

questions to be answered, either intentionally or negligently, and then to interpose objections in those instances in which the answers are deemed harmful.

3. *Exceptions—Waiver, etc.*—Where an exception has been preserved to the ruling of the court, but has not been considered by counsel sufficiently important to require mention in his argument, it will not be noticed by the Appellate Court.

4. *Exceptions to Rulings of the Court upon Evidence Heard in the Absence of the Jury.*—Where the court heard evidence in the absence of the jury, upon the question of the execution of a lease, to which no exceptions were taken, but an exception was taken to the remarks of the court in the ruling of the court upon the question, the record not showing that any of the testimony so heard by the court was repeated in the presence of the jury, or that any remark or ruling of the court, made while the jury was absent, was repeated or referred to afterward in the presence of the jury, *it was held*, that the party objecting could not have been prejudiced by any evidence heard, or ruling made, when the jury were absent.

**Memorandum.**—Distress for rent. Appeal from a judgment rendered by the Circuit Court of Wayne County; the Hon. EDMUND D. YOUNG-BLOOD, Circuit Judge, presiding. Heard in this court at the February term, A. D. 1893, and affirmed. Opinion filed September 8, 1893.

The statement of the facts is contained in the opinion of the court.

APPELLANT'S BRIEF, BUNCH & BONHAM, ATTORNEYS; C. S. CONGER, OF COUNSEL.

To deny the execution of a writing, the plea must be verified. Sec. 34, Chap. 110, R. S. Unless defendant files verified plea denying execution of contract he can not deny execution at trial. Gaddy v. McCleave, 59 Ill. 182. Denial by defendant may be by affidavit filed with general issue. The plea general issue alone is not sufficient. Templeton v. Hayward, 65 Ill. 178. "If defendant has filed no plea nor affidavit, such are admissible without proof of execution." Shufeldt v. Henderson, 26 Ill. App. 593.

APPELLEE'S BRIEF, CREIGHTON & KRAMER, ATTORNEYS.

The only issue that was made in this case, or that could have been made, was whether or not the relation of land-

lord and tenant existed, and if so whether or not any rent was due. Alwood v. Mansfield, 33 Ill. 452; Kruse v. Kruse, 68 Ill. 188.

OPINION OF THE COURT, SCOFIELD, J.

Appellant levied a distress warrant on certain property of appellee for rent alleged to be due him. On the trial of the case in the Circuit Court, the jury rendered a verdict for appellee. A motion for a new trial was made and overruled and judgment was rendered on the verdict. As far as the record shows, no instructions were given to the jury, no request for instructions being made by either party. Numerous errors have been assigned, but these may be reduced to two general propositions: first, that the court admitted improper evidence, and second, that the verdict is against the law and the evidence. Appellant made some proof of the execution of the lease sued on and thereupon the instrument was admitted in evidence without objection. Appellant then introduced evidence to show that rent was due under the lease and rested his case. So far no exception had been taken to the rulings of the court by either party. Appellee then opened his case by testifying that he did not read the lease before signing it. His counsel then asked him to state what was the arrangement between him and the colonel (appellant's agent) as to the leasing of the land. Objection was made that such evidence was not admissible without a sworn plea denying the execution of the lease. After some discussion of the question by counsel, the court said, "I think it is for the court to determine whether it is the written instrument of the defendant or not. The jury will retire out of the hearing of the court."

Thereupon the jury retired in charge of an officer, and the court, in the absence of the jury, heard evidence on the question, which evidence begins on the 9th and ends on the 15th page of the record. No exception on the part of appellant to any ruling of the court was made till after all of this evidence had been heard.

The court then decided that the lease should go to the

Tucker v. Burkitt.

jury with the evidence of the execution of the same, and that the jury should determine whether it was the contract of appellee or not. To this ruling appellant excepted. Afterward the jury was brought into the room, and the trial was resumed by the examination of a witness on other branches of the case; but the record does not show that the evidence heard in the absence of the jury was repeated to the jury *verbatim*, or in substance, or otherwise, or that any remark or ruling of the court made while the jury were absent, was repeated or referred to afterward in the presence of the jury. Therefore, appellant could not have been prejudiced by any evidence heard, or rulings made, when the jury were not in the court room. If such evidence was repeated to the jury, or if the ruling of the court was made known to the jury, it was the duty of appellant to make that fact to appear plainly in the bill of exceptions, which is his pleading, and must be taken most strongly against him. Rogers v. Hall, 3 Scam. 5; Garrity v. The Hamburger Co., 136 Ill. 499; Monroe v. Snow et al., 33 Ill. App. 230.

It is insisted by appellant that the court erred in permitting appellee to introduce evidence of a set-off when no plea of set-off had been filed. Without considering the necessity of filing such a plea in a case like the one now before us, it is sufficient to say that no exception to any ruling of the court on the question appears in the record. It is true that at the close of appellee's evidence in chief appellant's counsel said, " We object to all the testimony on the part of the defense and take exception." Such a statement is utterly valueless. A general objection to all the evidence on one side of a case will not be considered. The objection, to be availing, must be made before the question is answered, or if the answer be not responsive, a motion to strike out must be made at the earliest opportunity. It would be a dangerous practice to permit counsel to allow questions to be answered, either intentionally or negligently, and then to interpose objections in those instances in which the answers are deemed harmful.

A few exceptions have been preserved as to rulings in minor

matters, which could not have affected the verdict, and have not been considered by appellant's counsel sufficiently important to require mention in their argument. These exceptions will not be noticed further.

Lastly, it is contended that the verdict is contrary to the law and the evidence. Under a strict construction of the bill of exceptions, appellant is in no position to raise this question. The bill of exceptions shows that appellee ("*the defendant*") excepted to the decision of the court in overruling the motion for a new trial. It is fair to presume, however, that this is a clerical error, and that it was appellant, and not appellee, who excepted to this ruling of the court. On a careful examination of the evidence, we find no reason to disapprove of the verdict of the jury. Taking it for granted that the execution of the lease could not be denied without a sworn plea, the other defenses were nevertheless sufficiently proved to justify a verdict for appellee.

We perceive no error in the record, and the judgment is therefore affirmed.