## Oehmen v. Thurnes.

1. BILL OF EXCEPTIONS.—*Must Contain the Evidence Relied Upon.*—When a bill of exceptions does not show what the testimony of the witnesses excepted to, was, leaving the court uninformed whether the evidence that was heard by the trial court had even a tendency to establish the matters set up by way of defense, it will be presumed that the

evidence heard by the trial court, but not shown to the Appellate Court, justified the court in finding the issues for the plaintiff and rendering judgment against the defendant.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 13, 1894.

The statement of the facts is contained in the opinion of the court.

C. S. DARROW and J. C. TURNES, attorneys for appellant.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action by the payee against the guarantor of a promissory note. The plea was the general issue accompanied by notice of special matter of defense. The cause was submitted to the court without a jury, and on the trial parol evidence of the special matter of defense was offered by the defendant, the appellant here. Objection to such evidence was made by the plaintiff, the appellee here, upon grounds questioning the competency and admissibility of the offered evidence, and, without ruling upon the objection, the court heard the testimony of three witnesses called by the defendant, subject to the objection interposed by the plaintiff, and took the cause under advisement upon authorities furnished by counsel pertaining to the legal admissibility of such testimony, and, upon consideration, found the issues for the plaintiff and gave judgment in his favor. It is from that judgment this appeal is prosecuted.

The bill of exceptions consists of a copy of the note and guaranty sued on, and as follows:

"And thereupon the defendant was called in his own behalf, as well as Jacob C. Turnes and Mary A. Turnes, to give evidence in support of the notice of defense filed in said cause, to which testimony the plaintiff objected, for the reason that the matter and things contained did not constitute a proper or valid defense in this action, whereupon the court heard the testimony of such witnesses, subject to such objection of plaintiff, and thereupon the court took said cause under advisement upon authorities to be furnished by

counsel pertaining to the legal admissibility of such testimony, upon which consideration the court found the issues for the plaintiff, and assessed the damages at $446.59.

Which was all the evidence introduced on the trial of said cause."

Signature and seal of the judge.

There is nothing in the bill of exceptions, or elsewhere in the record, to show what the testimony of the three witnesses in behalf of the defendant was, and we are wholly uninformed whether the evidence that was heard by the court had even a tendency to establish the matters set up by way of defense.

We are therefore bound to assume that the evidence heard by the court, but not shown to us, justified the court in finding the issues for the plaintiff and rendering judgment against the defendant. Garrity v. Hamberger, 136 Ill. 499.

The judgment of the Circuit Court will be affirmed.