## James Kemp v. Louise Merrill et al.

1.   ACCOUNT—*The Form of Action Rarely Used.*—While the action of account is rarely used for the reason that there are other forms of action better adapted to give the relief sought, yet it is fully recognized by our courts.

2.   SAME—*At Common Law and Under the Statute.*—At common law the action of account lies against bailiffs and receivers, but the statute of this State has extended the right of action, enlarged the jurisdiction of the courts and increased the powers of the auditors.

3.   PLEADING—*In Actions of Account.*—A declaration in an action of account which does not allege that a request for an accounting was made of the defendants, and that they failed or refused to make the same, is bad on demurrer.

**Action of Account.**—Appeal from the Circuit Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded. Opinion filed October 11, 1900.

M. H. SCOTT and PADDOCK & COOPER, attorneys for appellant.

The common law action of account, although infrequently used, has not been abolished and may still be sustained. 1 Tidd's Practice, Vol. 1 (Edition of 1825).

The common law is in force in Illinois so far as the same is applicable and of a general nature. 1 Starr & Curtis' Stats., Ch. 28, Sec. 1; Kreitz v. Behrensmeyer, 149 Ill. 502–3.

The action of account will lie in Illinois against defendants as bailiffs and receivers, although said action is not

based on any of the relationships enumerated in Sec. 2, Ch. 2, Revised Stats., and although the declaration does not follow Sec. 5 of said chapter in form or substance. Revised Statutes, Ill., Ch. 2, Sec. 3; Hawley v. Burd, 6 Ill. App. 456; Bedell v. Janney et al., 4 Gilm. 193; Garritty v. Hamburger Co., 35 Ill. App. 309; 136 Ill. 499.

T. F. DONOVAN, T. W. SHIELDS and H. K. WHEELER, attorneys for appellees.

The common law action of account is obsolete. Bracken v. Kennedy, 3 Scam. 562; 1 Ency. Pld. & Prac., 84; 3 Blackstone's Com. 162; 3 Reeve's History of English Law (Finlanson's Ed.), 54, note; 1 Shinn Pld. & Pract., 121, Sec. 99.

A demand to account is necessary. Chadwick v. Dival, 12 Verm. 501; R. S., Sec. 5, Chap. 2, Starr & Curtis.

If the bailee of goods waste them or refuse to deliver them no action of account lies, but an action of detinue or trover and conversion.

A bailiff can not be charged as receiver. 1 Bacon's Abr., 19.

A declaration in account charging the defendants as bailiffs must describe the goods of which they had the care and management. McMurray v. Rawson, 3 Hill (N. Y.), 59; Coke Litt. 172 a.

The only parties who can maintain the action are those who come within the description of the statute. R. S., Starr & Curtis, Chap. 2, Sec. 2; 1 Shinn's Practice, Sec. 100.

The action of account was revived and enlarged in England by 4th of Anne. 1 Tidd's Prac. 1.

The uncertainty of the demand and inability to ascertain what is due the plaintiff is the basis of the action. 5 Taunt. 431.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action of account brought by appellant against appellees.

The declaration contains two counts. In the first, appel-

lant asked an accounting for the time appellees were bailiffs for him " of fifty promissory notes, made by divers payors for value received, and payable to the order of the plaintiff, to collect and make profit thereof for the plaintiff and thereof to render him a reasonable account, when they, the defendants, should be thereto requested." In the second, appellant asked an accounting from appellees as receivers of certain sums of money specified, from certain individuals named, also various other sums not specified, from said persons, also various other sums not specified, from other persons not named. A general and special demurrer was filed. For special cause of demurrer appellees charged that it was not averred in said declaration or either count thereof, that the suit was brought by and against persons holding the relationship to each other named in chapter 2, section 2, Revised Statutes, and that the declaration did not contain in form or in substance the averments required by section 5 of said chapter. The demurrer was sustained and judgment rendered against appellant for costs, from which he appeals.

The contention of appellees that the common law action of account is obsolete in this State 'can not be sustained. While this action is rarely used, for the reason that there are other forms of action better adapted, as a general rule, to give the relief sought, yet it is fully recognized by our courts. The statutes of the State upon this subject do not abolish the common law action of account but are supplemental to it. In Garrity v. Hamburger Co., 136 Ill. 499, it is said: "The statutes of this State in regard to actions of account have extended the right of action, enlarged the jurisdiction of the courts and increased the powers of auditors." At common law the action would lie against bailiffs and receivers. 1st Ency. of Pl. & Pr., 84; Freeman's Ill. Forms Pl. & Pr., Sec. 463-477; Puterbaugh's Pl. & Pr., 6th Ed., 277.

The first count, however, is bad, because, while it alleges a duty on the part of appellees to render appellant a reasonable account when they should be requested to do so, yet there is no allegation that any request for an accounting

Kemp v. Merrill.

was made of them or that they failed or refused to make the same. The second count does not state a cause of action existing between persons holding the relations to each other named in section 2 of the statute above referred to, but that action does not specify all cases in which the action may be brought. Section 3 of said statute provides:

"When any person is or shall be liable to account, as guardian, bailiff or receiver, or otherwise, to another, and will not give an account willingly, the party to whom such an account ought to be made may bring his or her action of account," etc.

The two sections are separate and distinct parts of the same act and in their respective provisions do not appear to depend on, be limited by or conflict with each other. We are therefore of opinion that the action of account may properly be brought either at common law or under the statute against a bailiff or a receiver who fails to account. It is no objection to the declaration that it is not in the form prescribed by section 5 of the act for the reason that such form is, by the section itself, expressly confined to declarations in actions on book accounts, while the declaration in question does not profess to be upon a book account.

Appellee asserts that uncertainty of the demand and inability to ascertain what is due the plaintiff is the basis of the action, and that the second count is bad because it specifies the different amounts claimed to be due. Even if it be conceded that appellee states the law on this question correctly, yet the objection is not well taken for the reason that some of the amounts claimed are left uncertain and the persons from whom they were received not named.

We are of opinion that the Circuit Court erred in sustaining the demurrer to the second count, and the judgment of the court below is accordingly reversed and the cause remanded.

Reversed and remanded.