### Charles B. Fisher et al. v. William Bertram.

1. APPELLATE COURT PRACTICE—*Construction of Bill of Exceptions.*—The rule of law is certain and definite that a person alleging error must show it, and that a bill of exceptions is a pleading by the appellant and must be taken most strongly against him whose pleading it is.

2. SALES—*Proper Element of Damages on a Breach of Warranty.*—Expenses incurred through a breach of warranty are proper elements of damages.

**Trover.**—Appeal from the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the August term, 1901. Affirmed. Opinion filed March 3, 1902.

WILLIAM U. HALBERT and CHESTER H. KERN, attorneys for appellant.

Fisher v. Bertram.

WEBB & WEBB, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

This is an action of trover, commenced by appellants against appellee, before a justice of the peace. The demand on the summons was for $50. In that court appellee recovered a judgment against appellants for the sum of $139.50. An appeal was taken to the Circuit Court of St. Clair County, where the cause was tried by a jury; there was a verdict for the appellee, and the court entered judgment on the verdict, from which an appeal has been taken to this court.

Appellee purchased a saw mill from appellants, paying therefor $226. For some reason the saw would not work properly; appellee returned the saw three different times, to have it fixed, and in doing so incurred expenses which were made the basis of a recoupment against appellants. While the saw was being fixed, appellants sent appellee another saw, whether to take the place of the one which was being fixed, or merely as a loan, there is a conflict in the evidence.

After the first saw had been fixed so that it was doing good service, appellants tried to get back the second saw. It is stated by appellee that appellants made certain representations concerning the saw at the time the purchase was made, and that there was a verbal warranty of it, which was afterward reduced to writing. We have looked both for the representations and for the written warranty, and neither one appears in the abstract of the evidence, nor in the additional abstract furnished by appellee, so that we shall have to dispose of the case as if such representations and written warranty had never been made or given.

Appellant Charles B. Fisher, testified that his firm was engaged in the manufacture of saw mills, at St. Louis, Mo., and that he sold a mill to appellee; on cross-examination, he testified that the goods were " warranted."

It is claimed by appellants that the court erred in permitting appellee to introduce evidence of damages sustained in attempting to get the first saw fixed, because the second

saw sent by appellants was a mere loan to appellee, while the first saw was being repaired, and that therefore the damages are not connected with the saw sold. Appellants also claim that the court erred in refusing to give the two instructions asked by them, and also that the court's instructions, given of its own motion, relative to the verdict, were erroneous. Appellee insists that no demand was made for the return of the second saw; that where property is rightfully in the defendant's possession, there can be no conversion without a previous demand for and a refusal to return the property, and that therefore the verdict returned and the judgment rendered thereon is free from error, irrespective of possible error in admitting the evidence on the recoupment. The record in this case is blind and uncertain in many points. The rule of law, however, is certain and definite that a person alleging error must show it, and that a bill of exceptions is a pleading by the appellant and must be taken most strongly against him whose pleading it is. Garrity v. Hamburger Co., 136 Ill. 499.

Appellee seems to have selected the saw mill himself and to have exacted from appellants an express warranty; the bill of exceptions fails to show what the warranty was. If the action of the court in permitting appellee to show what expenses he had been to in endeavoring to get the saw to work in a proper manner was erroneous, appellants should have shown what the terms of the warranty were, so as to have made it appear that such expenses were not properly connected with the warranty, by way of recoupment. Appellants did not object to the evidence given by appellee that " they gave me a warranty with the mill." The objection taken was that there was no warranty with the second saw. That expenses incurred are proper elements of damages on a breach of warranty has been held by a number of courts. (2 Mechem on Sales, Sec. 1826.) It seems to have been tacitly admitted upon the trial, by both parties, that there had been a warranty that the saw would do good work, and that there had been a breach of that warranty. The point insisted on by appellants is that the

second saw was loaned to appellee while the first one was being repaired, and that therefore a breach of warranty in the first saw could not be made the subject of a cross-action by way of recoupment when appellants brought trover for the second saw.   Stow v. Yarwood, 14 Ill. 424.

Whether the second saw was loaned to appellee or given to him in satisfaction of the warranty given with the purchase of the mill, was purely a question of fact for the jury. If the latter theory is true then the delivery of the second saw brought it within the warranty, which appellee already had in connection with the first saw.   Had appellants desired to have shown that the second saw was merely a loan until the first saw should be repaired, they could have made such fact plain beyond all cavil by asking from the jury a special finding to that effect.   We are unable to see from this record that the court erred in allowing evidence to sustain the recoupment to go to the jury.

We have not considered whether a demand was necessary, or whether the evidence shows that appellants in fact made a demand for the same, because appellee is not complaining of any judgment rendered against him; had there been a verdict against appellee for the value of the saw, the point would necessarily have been up for determination.

It is complained that the two instructions which appellants asked the court to give to the jury were erroneously refused.   The instructions as asked directed the jury to find for the plaintiff, if the defendant was guilty of converting the second saw to his own use.   These instructions ignored the damages which were properly in evidence on the question of the breach of appellant's warranty, and the refusal of the court to give them was not error.

Finding no error in the record which requires a reversal of the judgment of the court below, it is affirmed.