WILHELMINA KIESEWETTER

*v.*

SUPREME TENT KNIGHTS OF MACCABEES OF THE WORLD.

*Opinion filed April 18, 1907.*

1. APPEALS AND ERRORS—*in suits at law the presumption favors the correctness of trial court's rulings.* In actions at law the presumption is in favor of the trial court's rulings unless their incorrectness is made to affirmatively appear.

2. SAME—*when action of trial court in directing a verdict will be presumed to have been justified.* The action of the trial court in directing a verdict in an action on a benefit certificate awarding the plaintiff only the amount of the assessments paid, with interest, will be presumed, on appeal by her, to have been justified, where the bill of exceptions shows that the by-laws of the defendant society were admitted in evidence but does not contain the by-laws.

3. SAME—*when statement of counsel cannot be held to be binding.* A statement of counsel for the defendant benefit society, to the effect that certain suicide by-laws were not in force when plaintiff's husband became a member, cannot be held, upon appeal by the plaintiff, to be binding upon the defendant, where the bill of exceptions shows that the by-laws were introduced in evidence but does not contain the by-laws, so that it cannot be ascertained what they provided nor when they were adopted.

4. EVIDENCE—*what tends to prove defendant's plea of suicide by assured.* In an action on a benefit certificate, proof that the dead

body of the plaintiff's husband was found hanging by a rope around his neck, together with the proofs of death offered by the plaintiff herself, wherein it is stated that the immediate cause of death was "strangulation by hanging himself," tends to prove the averments of the defendant's special plea that the death of the assured resulted from his own act.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

HENRY M. SELIGMAN, for plaintiff in error.

H. H. C. MILLER, and W. S. OPPENHEIM, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was brought by plaintiff in error for the recovery of $3000 on a beneficiary certificate issued to her husband February 6, 1894, in which she was named as beneficiary. In addition to the general issue defendant in error filed a special plea averring that it was provided in said benefit certificate and in the application of plaintiff in error's husband for membership in the defendant order, that said order would pay plaintiff in error $3000 upon his death provided he should have in every respect complied with the laws of the defendant order then in force or that might thereafter be adopted. The plea then avers that plaintiff in error's husband committed suicide September 15, 1897; that at that time the by-laws of the defendant order provided that in case of the suicide of the member, whether sane or insane, within five years after becoming a member of said order, the defendant order should not be liable to the beneficiary for the benefit named in the certificate; that in such case all assessments paid to the defendant order by such member should be returned to the beneficiary named in the certificate, and said amount should be in full of all liability of the defendant order in such case. The plea further

averred that the deceased, while a member of the order, paid to it $158, which amount the defendant order offered and tendered plaintiff in error in full satisfaction of all liability to her. A trial was had by a jury. Plaintiff in error was introduced as a witness in her own behalf and testified that her husband died September 15, 1897; that she was not present with him at the time of his death and did not see him die nor see him while hanging by the neck; that there was a mark on his neck after his death, but she could not state how it was made. She then offered in evidence the proofs of death she had furnished the defendant order, in which, in answer to the question as to what was the immediate cause of death, she stated, "Strangulation by hanging himself." This was all the testimony in chief offered by plaintiff in error. Defendant in error re-offered the proofs of death and then offered in evidence the by-laws of the order, which the record shows were admitted in evidence over objections of plaintiff in error, but only a part of one of said by-laws is preserved or set out in the bill of exceptions. This was all the proof offered by defendant in error. Thereupon plaintiff in error offered in rebuttal certain witnesses to prove the condition of the health and mind of plaintiff in error's husband at the time of and just preceding his death. At the conclusion of all the evidence the court, on motion of defendant in error, instructed the jury to return a verdict in favor of plaintiff for the amount of the assessments paid to the order by the deceased, but directed that interest on that amount be paid from the date of the death. Under this direction the jury returned a verdict in favor of plaintiff in error for $201.07. Plaintiff in error excepted to the giving of the instruction directing a verdict, and upon the return of the verdict filed a motion for a new trial. The motion was overruled and judgment rendered on the verdict by the court, to which decision of the court in denying the motion for a new trial and rendering judgment on the verdict plaintiff in error "afterwards, on

said day, duly excepted." It is contended by defendant in error that the record shows the exception was not taken at the time the ruling of the court was made and the questions sought to be raised are therefore not preserved for our consideration. Being of opinion, however, that the judgment must be affirmed on the merits of the case, we prefer to place our decision upon that basis. Upon appeal to the Appellate Court for the First District by plaintiff in error the judgment of the circuit court was affirmed, and a writ of error has been sued out of this court to review said judgment.

It is first contended by plaintiff in error that the burden was on defendant in error to prove the by-laws, mentioned in the special plea, limiting its liability to a return of the assessments paid, and it is insisted defendant in error failed to make this proof. The bill of exceptions shows as follows: "Mr. Oppenheim (attorney for defendant): I offer in evidence the by-laws of the order properly certified to." The court inquired of counsel for plaintiff in error if there was any objection, and counsel requested permission to examine how they were certified to. After having examined the by-laws and the certificate the following occurred: "Mr. Seligman (attorney for plaintiff): 'I object.' The court: 'Objection overruled.' To which ruling of the court counsel for plaintiff then and there duly excepted. Which said by-laws were received in evidence." The bill of exceptions further shows that the attorney for defendant in error read a portion of one of the by-laws concerning the non-liability of the order for more than the amount of the assessments paid by the assured in case of his suicide within five years after admission to membership. A juror inquired if that was in force when the certificate was issued, and counsel stated that it was not but was when he died. It is argued that the statement of counsel for defendant in error that the by-law was not in force at the time the assured became a member of the order is binding upon defendant in error, and the further statement made by said counsel that it was

in force at the time of his death being a self-serving statement, or one in its interest, cannot be regarded. We would not be disposed to differ with counsel upon this proposition if the record showed nothing more than the statements made by counsel for defendant in error. As we have above stated, the bill of exceptions shows the by-laws were received in evidence. Counsel having failed to set them out in the bill of exceptions, we cannot know what their provisions were nor when they were adopted. A bill of exceptions is the pleading of the party presenting it, and to authorize a reversal of the judgment prejudicial error must be shown to have occurred at the trial. In cases at law the presumption is in favor of the correctness of the trial court's rulings unless their incorrectness is made to affirmatively appear. (*Garrity* v. *Hamburger Co.* 136 Ill. 499; *Ittner Brick Co.* v. *Ashby,* 198 id. 562.) The by-laws, as shown by the bill of exceptions, having been admitted by the court, in their absence from the bill of exceptions we must presume they justified the action of the court in directing a verdict. *Culver* v. *Schroth,* 153 Ill. 437; *Dean* v. *Ford,* 180 id. 309.

The next and only other ground of reversal urged is, that defendant in error failed to prove the death of the assured was the result of his own act. The evidence shows the dead body of the assured was found in the basement of his house hanging by a rope, around his neck, attached to a nail. This testimony and the proofs of death offered in evidence by plaintiff in error, wherein it was stated by her that the immediate cause of death was "strangulation by hanging himself," tended to prove the averments of suicide in the special plea of the defendant in error, and it was not overcome by any other proof offered or heard on the trial. Furthermore, this record shows that the plaintiff in error's position was, not that the assured did not commit suicide, but her theory was that he was of unsound mind and not responsible for his act. The principal part of the testimony offered in evidence by plaintiff in error was in rebuttal, and

was upon this question. That this was the theory of the plaintiff in error is shown by an offer of counsel after the court had sustained an objection to the testimony of a witness when being interrogated as to the condition of the assured's mind at the time he took his own life. Counsel stated to the court that he offered to prove by the witness and other witnesses "that the deceased came to his death while insane; that his mind was in such a condition of insanity and frenzy that he was not aware, at the time of his death, of the physical consequences of his act if he took his life at that time." The offer was objected to and the court properly sustained the objection. *Scitzinger* v. *Modern Woodmen*, 204 Ill. 58; *Zerulla* v. *Supreme Lodge*, 223 id. 518.

The record showing no reversible error the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*