## People of the State of Illinois, Defendant in Error, v. Al Beecher, Plaintiff in Error.

### Gen. No. 5240.

1. APPEALS AND ERRORS—*when admission of evidence not subject to review.* If it is urged that a paper received in evidence was incompetent and that instructions predicated thereon were improper, a review of such questions cannot be had in the absence of the bill of exceptions setting forth such paper.

2. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

3. DRAM-SHOPS—*what instruction proper in prosecution for selling intoxicating liquor in anti-saloon territory.* In such a prosecution an instruction is proper which is in the language of the statute.

4. INSTRUCTIONS—*approved form as to duty of jurors to follow the law.* In an action for unlawfully selling intoxicating liquor in anti-saloon territory an instruction is proper which tells the jury that it should not permit sympathy or its ideas of what the law should be, or whether the laws are good or desirable laws, to interfere with or bias it in any degree, that the personal ideas of the jurors have no place in arriving at a verdict and that they should try the case solely upon the laws as they existed and upon the evidence produced in court.

Prosecution for unlawful sale of intoxicating liquor. Error to the County Court of Boone county; the Hon. ANTHONY CLARITY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

WILLIAM L. PIERCE, for plaintiff in error.

PATRICK H. O'DONNELL and CHARLES W. FERGUSON, for defendant in error.

Mr. Justice Thompson delivered the opinion of the court.

The grand jury of Boone county at the April term, 1909, returned an indictment consisting of four counts against Al Beecher, charging that the defendant had unlawfully sold intoxicating liquor in the town of Belvidere, in Boone county, while the same was anti-saloon territory. The indictment was certified to the County Court for trial. The defendant upon being arraigned pleaded not guilty. Upon a trial there was a verdict of guilty upon the first, second and third counts and judgment rendered upon the verdict assessing fines against the defendant amounting to $200 and the defendant was also sentenced to jail on the first count for thirty days and ten days on each of the other two counts. The defendant prosecutes this writ of error to review this judgment.

It was stipulated by the plaintiff in error that the township of Belvidere, in Boone county, Illinois, now is, and since the 7th of May, 1908, has continuously been anti-saloon territory.

It is assigned for error that the court erred in the admission in evidence of a copy of the record of the internal revenue collector. The record shows that: "It is stipulated by the people and the defendant and his attorney that the paper offered in evidence is a true and correct copy of page 17 of the record of the Special Tax Stamps or Receipts to retail liquor dealers issued by the collector of the United States Internal Revenue for the First District of Illinois of which Boone county in the State of Illinois, is a part." This was objected to as not being the proper way to prove the record of the internal revenue stamp and because it was improper, irrelevant and immaterial. The objection was overruled. The bill of exceptions states in relation to said document: "paper is admitted in evidence and is marked 'people's exhibit A'." The instrument, exhibit A, although ad-

mitted in evidence, is not in the bill of exceptions, and we cannot know how the record was proved nor what it contained, but the admission is that it was a record of special tax stamps to retail liquor dealers issued by the United States. One of the reasons urged by defendant in error in arrest of judgment is because the court admitted upon the trial of said cause against the objection of the defendant the United States revenue tax stamp or receipt in said cause. The paper not being in the .record, it is not necessary for this court to indulge in any presumptions in favor of plaintiff in error concerning it. The bill of exceptions is the pleading of plaintiff in error and any presumption would be against him. Rogers v. Hall, 3 Scam. 6; Garrity v. Hamburger Co., 136 Ill. 499. In the absence of the instrument from the record, and with the admission of plaintiff in error, we cannot say there was any error in its introduction in evidence or in any instruction based thereon.

It is also urged that the evidence does not support the verdict. The verdict was returned upon the testimony of Milo Murphy, a farmer living a short distance from Belvidere, who testified that in April, 1909, he was in Beecher's place of business on Logan avenue, in the town of Belvidere, and that he bought whiskey there by the glass at three different times and paid ten cents for it each time; that on one of the occasions he called for ginger ale and got whiskey; that on one of those occasions he drank in company with Thomas Bracken and others, and that on April 17, he went into Beecher's place of business with a man named Barker and that Barker bought two bottles of beer and that he gave Murphy one of them. Murphy testified that the bottle contained lager beer. Bracken testified that he met Murphy on the street with others, and that they went into Beecher's place on Logan avenue and got a drink or a cigar or something. An attempt was made to impeach the veracity of Murphy by a number of character witnesses. The state also

introduced a number of witnesses who testified that Murphy's reputation for truth and veracity was good. Beecher testified denying that he sold any liquor to Murphy, but said he conducted a business in the place named and sold cigars, pop and soft drinks. The credibility of the witnesses was a question for the jury and we would not be justified in reversing its finding when all the evidence is considered together.

It is contended there was error in the giving of the sixth instruction on behalf of the people which told the jury that it was not incumbent upon the prosecution to prove that liquor had been sold which actually intoxicated a person or that any person has become intoxicated on. All that is required is proof of a sale by the defendant of any distilled, spirituous, vinous or fermented or malt liquor, whether strong or weak, by evidence sufficient to prove the guilt of the defendant as charged in the indictment. This instruction is in the language of the statute in so far as it tells the jury what liquors it is unlawful to sell in anti-saloon territory, and an instruction in the language of the statute is not erroneous. The seventh instruction is also claimed to be erroneous. This instruction told the jury that it should not permit sympathy or its ideas of what the law should be, or whether the laws are good or desirable laws, to interfere with or bias the jury in any degree; that the personal ideas of the jurors have no place in arriving at a verdict and that they should try the case solely upon the law as it exists and upon the evidence produced in court. The plaintiff in error was being tried for an infraction of the law, and jurors are not justified in disregarding the law of the state, even if it is not in accordance with their ideas of what the law should be.

Plaintiff in error complains of the second refused instruction. The instruction was properly refused because it attempted to tell the jurors that they may exercise their judgment on, and find not to be intoxi-

cating, liquors defined by the statute to be intoxicating and the sale of which is prohibited by the statute. The judgment is affirmed.

*Affirmed.*